[Civil No. 257.   Filed June 18, 1889.]

EMMON P. RYDER, Plaintiff and Appellant, v. CHARLES W. LEACH et al., Defendants and Appellees.

1. PRESUMPTIONS—NORTH DEFINED.—In the absence of overwhelming evidence to the contrary, "north" will be construed as meaning true north, as distinguished from magnetic north.

2. APPEAL AND ERROR—CONFLICT IN EVIDENCE.—Where there is a conflict in the evidence, the judgment of the trial court will not be reviewed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. William H. Barnes, Judge.   Affirmed.

The facts are stated in the opinion.

Haynes & Mitchell, for Appellant.

Herring & Herring, and Ben Goodrich, for Appellees.

PORTER, J.—Defendants had applied for a United States patent for the mineral claim known as the Boss Mine, situated in Tombstone Mining District, Cochise County.

Pending the application for patent, plaintiff filed an adverse claim in the United States land office, for a portion of the ground described in said application, and in support of such adverse claim brought this action in the district court of Cochise County.

Plaintiff alleges that he is the owner of and in possession of a certain piece of ground which he describes as the "Little Venture" Mine, and alleges that the same was located by his grantors on the second day of January, 1885.

The action was brought by plaintiff to quiet title to the aforesaid premises.

The Boss Mine was located in June, 1878, by the grantors of defendants.

No question was raised by plaintiff of the fact of a continued compliance by defendants and their grantors from the time of the location of the Boss Mine to the commencement of

this action with the laws of Congress in relation to the annual expenditure of one hundred dollars upon said mine in labor and improvements.

The initial monument of the Boss Mine is fixed in the location notice of said mine, at the north end center of the Tribute Mine, thence a line runs forty-one degrees east to the western boundary line of the Sulphuret Mine.

No question is raised as to the fact that the initial monument of the Boss Mine is now at the point at the north end center of the Tribute Mine, exactly where the original location notice fixes it. Neither is any question raised that the line running north from this point terminates in the western boundary line of the Sulphuret Mine, but the contention before the court below by the plaintiff was that the point, in the western boundary line of the Sulphuret Mine, where the line terminates which is described as running "north forty-one degrees east" from the initial monument of the Boss Mine, should be determined by a magnetic course, without any allowance for the magnetic variation instead of by the true course of the meridian, and thus leave sufficient ground on the westerly side of the Boss Mine and adjoining the West Side Mine to fulfill the conditions of the Little Venture location.

If the line was a true meridian, then three hundred feet, or a very little less than that, running west along the line of the Sulphuret, will reach the point where the west side of the Northeast extension of the Sulphuret and Sulphuret touch or corner, and where the northwest corner of the Boss should be, if that was the course of the location when made.

The witness White testified that three days after the Boss location he saw a Boss monument at that point, Upton swears that he knew the Boss in 1880, and that he saw a 2x4 stake at that point with the word "Boss" cut in it, and saw it nearly every day for two or three years. Howe swears that he made the official survey of the West Side Mine in 1881, and that he then found a stake at that point marked northwest corner Boss, and that this was in a monument four and a half feet in diameter and four feet high.

Maps were introduced of the survey of the Sulphuret, showing this monument of the Boss. If the place where this monu-

ment was seen by White, Upton, Howe, and others was one of the established corners of the Boss, then the Boss claim covers the ground claimed by plaintiff. On this point the evidence was overwhelming and without contradiction. If that point was a corner, then the line from the initial monument according to the true meridian, runs within three hundred feet of that corner. The line of the magnetic meridian touches the Sulphuret about three hundred and fifty-eight feet from that corner. The difference between three hundred feet and three hundred and fifty-eight feet is too great to be accounted for by a mistake. If the location had been made by the magnetic meridian, the Boss northwest corner monument would have been located about fifty-eight feet farther east. When the line of the true meridian corresponds so closely to the monuments as to amount to accuracy, it is a practical demonstration that that was the line.

When you add to it the idea that north means north, and not the magnetic north, nothing short of overwhelming evidence will overturn the conclusion that the northwest corner Boss, as established by Howe, is the true corner.

Against this, in 1885, Sweazy says he saw a pile of stones along the line of the Sulphuret, and that he got a board with a straight edge and, starting at the center monument of the Tribute, the initial of the Boss, he sighted by the needle north forty-one degrees east, and that he saw the pile of stones at the point on the line of the Sulphuret where the line he was sighting cuts it. When this pile of stones was placed there, he does not know.

No other witnesses ever saw it before that. The Boss claim had been located and monumented seven years before that. This is all the evidence to sustain this view. All the rest is inference, argument, and speculation. The plaintiff asked for thirty days to procure the evidence of the witnesses Gird and Walker by deposition, which was granted. Great indulgence was given to aid the plaintiff. The evidence was not produced. On the motion for new trial, he asked that the same be granted so as to secure the evidence of these witnesses. It was not newly-discovered evidence. At best, it was mere cumulative evidence, and does not come within any of the rules by which new trials are granted to enable a party to pro-

duce other evidence.  The affidavits besides do not show that the evidence would overturn the conclusive evidence in this case.  It does not contradict the Boss northwest corner monument.  It does not show that the true meridian was not run. The court did not err in refusing a new trial.  There does not appear to be a question of law raised in the case.  It was purely a question of fact, and the judgment must be clearly erroneous before we will disturb it.  Where there is a conflict of evidence, we will not review the judgment of the trial court.  The judgment is affirmed.

Barnes, A. J., and Wright, C. J., concur.