[Civil No. 2100.  Filed April 19, 1924.]

[224 Pac. 1065.]

## HATTIE L. MOSHER, Appellant, v. FRANK F. ROWE, Appellee.

1. REPLEVIN—DEMAND AND REFUSAL PREREQUISITE TO ACTION ONLY WHERE POSSESSION LAWFUL. — Generally replevin will not lie against one who has obtained possession of property lawfully until a proper demand is made and possession refused, but, if possession is unlawful, no demand is necessary to sustain replevin.

2. REPLEVIN — DEMAND UNNECESSARY WHERE ACTION CONTESTED ON MERITS OR DEMAND WOULD BE UNAVAILING. — If possession is lawful, a party cannot complain that no demand was made if he subsequently contests an action of replevin on the merits or where it otherwise appears that a demand if made would have been unavailing.

3. REPLEVIN—SEIZURE OF TENANT'S AUTOMOBILES, WHEN RENT FULLY PAID, HELD UNLAWFUL. — Where tenant leased premises from month to month for an automobile salesroom, the seizure of automobiles belonging to him at a time when the lease was fully paid was unlawful, and demand was not prerequisite to replevin.

4. APPEAL AND ERROR—JUDGMENT OF TRIAL COURT NOT REVERSED IF EVIDENCE CONFLICTING. — Where there is a conflict in the evidence, the judgment of the trial court will not be reversed.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

---

1. When and against whom replevin is sustainable, see notes in 80 Am. St. Rep. 741; 14 Ann. Cas. 815. See, also, 23 R. C. L. 888.

2. See 23 R. C. L. 888.

3. See 23 R. C. L. 889.

4. See 2 R. C. L. 180.

See 4 C. J. 883; 34 Cyc. 1405, 1406, 1410.

Mr. J. B. Woodward, for Appellant.

Messrs. Clark & Clark and Mr. H. H. Miller, **for** Appellee.

GIBBONS, Superior Judge.—This is an action in replevin in which appellee, plaintiff below, seeks to resume possession of three automobiles that had been taken into possession by appellant, defendant below, and held by her as security for the payment of certain rents alleged to be due her from appellee. A trial was had to the court, sitting without a jury, in which judgment was rendered in favor of plaintiff, appellee, granting him possession of said automobiles. Defendant moved for a new trial which motion was denied. The appeal is taken from the judgment and the order denying the motion for new trial.

Plaintiff, Frank F. Rowe, had been a lessee of defendant, Hattie L. Mosher, from July 1, 1919, to July 1, 1920, under a written lease of a certain salesroom situated in a building at 305 North Central Avenue in Phoenix, Arizona, and had occupied and used said salesroom for the purpose of carrying on an automobile sales business. From July 1, 1920, until April 1, 1921, plaintiff had continued to so use and occupy said salesroom under an oral lease at a monthly rental of $160. About April 1, 1921, plaintiff through his agent, Wold, paid the rent for April, 1921, and vacated the salesroom, leaving same in possession of two other parties, Wold and Williams, who occupied said premises until about April 15, 1921, when they vacated the same leaving no tenant in charge. There were left in said salesroom by plaintiff three Elcar automobiles in possession of Wold and Williams supposedly for sale, and when said parties vacated the salesroom these three automobiles remained there and were taken into possession by defendant about April 15, 1921, along with other goods consisting of office

furniture and equipment to pay two months' rent claimed to be due for the months of May and June.

Appellant contends that the contract of lease for the salesroom in question was for one year. Appellee denies this contention and claims that it was a lease of the premises from month to month at a fixed rental of $160 per month.

It is undisputed that the rent was paid for the month of April, and further that appellant seized the automobiles about April 15, 1921.

Appellant urges this appeal on two grounds: First, that no demand was made for the return of these cars; second, that the court erred in finding appellee's tenancy ceased April 30th and that appellant had no lien upon or rightful possession of said property. These assignments will be considered together for the reason that question of the rightfulness of appellant's possession determines both contentions.

The general rule is that replevin will not lie against one who has obtained possession of the property lawfully, until a proper demand is made for the same and possession refused. Also, if the possession is unlawful no demand is necessary, and if the possession is lawful a party cannot complain that no demand was made, if he subsequently contests the action on the merits, or where it otherwise appears that a demand if made would have been unavailing. With these facts in mind it remains to determine whether appellant's possession of the three cars was lawful. 34 Cyc. 1404, 1405.

The lower court made the following finding of fact relative to the possession of the cars in controversy:

"The plaintiff [appellee here] at all times mentioned in plaintiff's complaint was the lawful owner and entitled to the possession of the three automobiles, known as Elcars ——; that plaintiff's tenancy of the premises described in the pleadings herein ceased on April 30, 1921; that plaintiff paid the rental

thereon in full to that date; and that defendant has and had no lien upon or right of possession of said property.''

Pursuant to this finding judgment was entered.

On the question as to whether the lease was for an entire year beginning July, 1921, or was only a lease from month to month, there was a sharp conflict in the testimony. The lower court heard the evidence given by each of the parties, and upon this conflicting evidence found that defendant below had no lien or right of possession of the cars in question.

There was substantial evidence to support the finding of the court that the contract of lease was from month to month, and hence the seizure of these cars by defendant at a time when the lease was fully paid was unlawful.

It is well settled that, where there is a conflict in the evidence, the judgment of the trial court will not be reversed. *Ryder* v. *Leach,* 3 Ariz. 129, 77 Pac. 490.

For these reasons this court will not disturb the findings and judgment of the lower court.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LYMAN being disqualified to take part in the decision of this case, Hon. A. S. GIBBONS, Judge of the Superior Court of Apache County, was called to sit in his stead.