[Civil No. 4065.   Filed April 1, 1940.]

[100 Pac. (2d) 992.]

EARL T. HAZELETT, Appellant, v. STATE OF ARIZONA, Appellee.

Messrs. Silverthorne & Silverthorne, for Appellant.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, Assistant Attorney General and Mr. Earl Anderson, Special Assistant Attorney General, for Appellee.

LOCKWOOD, J.—Both appellant and appellee have filed motions for rehearing in this case.

The only point raised by appellant is that a reversal of a judgment always requires a new trial of all the issues involved in the case. This is not, and never has been, the law of Arizona. Section 3681, Revised Code of 1928. To so hold would often necessitate useless and expensive proceedings. The true rule is that if justice may be done by requiring merely that all proceedings *after* reversible error enters the record be set aside and the case proceed anew from that point, such an order is the correct one. In the present case, the proceedings were proper in all respects up to and including July 2, 1938, when the verdict was filed, the jury discharged, and a so-called judgment No. 1 entered. The proceedings subsequent to that time involved two things: A determination by the court, sitting without a jury, as to the amount of the monetary judgment to be rendered for maintenance of the child, and expenses of lying in, and a formal rendition of judgment upon the whole case. It is apparent that no new trial of the issue of parentage was necessary for that had been determined without legal error.

■ The appellee claims in its motion for rehearing that this court erred in its conclusion that when the expenses of lying in were paid by the mother she could not recover, and contends for the first time, in support of its position, that our statute on bastardy was taken from Minnesota, and that the Supreme Court of that state, before we had adopted it, reached a different conclusion upon the precise question involved.

We have held in the case of *Skaggs* v. *State,* 24 Ariz. 191, 207 Pac. 877, that our bastardy statute was taken from Minnesota Revised Law of 1905, and that the decisions of that court upon the statute prior to its adoption by us, are extremely persuasive, if not controlling. It appears from the cases of *State* v. *Zeitler,* 35 Minn. 238, 28 N. W. 501, and *State* v. *Eichmiller,* 35 Minn. 240, 28 N. W. 503, the Supreme Court of Minnesota has held that under the statute referred to the expenses of the mother's lying in when paid by herself were proper charges as "maintenance," under the sixth section of the code, which is the same as section 279, Revised Code of 1928.

Under the rule laid down in the Skaggs case, *supra,* we feel that we should recede from our position previously taken, and follow the Minnesota decisions. We hold, therefore, that the expenses of lying in, whether incurred by the county or the mother, are a proper part of a judgment against appellant.

■ The record does not show who paid the $245 referred to in the judgment, and in whose favor the judgment for that amount should have run, nor is there anything in the latter itself which would aid us in determining this matter. It is, therefore, necessary that our former judgment be modified and the case remanded with instructions to render a proper judgment, including the expenses of the lying in of the mother, upon the verdict and such conclusions as

may be reached by the court upon proper evidence and the rules of law stated by us.

Motion of appellee granted and judgment reversed and case remanded.

ROSS, C. J., and McALISTER, J., concur.