176 P.2d 690
PAINTER v. FREIJE.
No. 4862.

Supreme Court of Arizona.
Jan. 20, 1947.

Wm. B. Lufty, of Phoenix, for appellant.

George M. Sterling, of Phoenix, for appellee.

STANFORD, Chief Justice.

On July 12, 1944, appellee, hereinafter styled defendant, gave his promissory note

to one Ben Johnson for the sum of $1025.-50, payable in installments, the first payment of $85.45 to become due October 1, 1944. On August 1, 1944, Ben Johnson assigned the note without recourse to John H. Painter, appellant and plaintiff herein. After the payment of November 1st was past due, and on November 6, 1944, plaintiff declared the whole amount due, and on November 28, 1944, filed his complaint in the Superior Court.

Service was made on the defendant in Maricopa County on the 29th day of November, 1944. Default was taken against the defendant before the clerk of the Superior Court of Maricopa County on January 12, 1945. Thereafter on January 16, 1945, defendant filed in said court his motion to set aside default. The motion to set aside default was supported by an affidavit made by George M. Sterling, attorney, the affidavit setting forth that plaintiff was not a holder of the note in good faith, but that he was a servant and agent of Ben Johnson, the payee in the note, and was such at the date he purchased the said note and had knowledge that the chattel mortgage was obtained from this defendant by fraud. The affidavit further stated that defendant herein had filed in the Superior Court of Maricopa County his motion for security for costs. We find on inspection that the motion for security for costs was filed on December 14, 1944, and a filing fee of $5 was paid. Defendant's answer was filed January 17, 1945.

No judgment was rendered on default entered by the clerk.

After default was granted by the clerk, defendant moved to set it aside. On January 29, 1945 the court denied defendant's motion to set aside the default. On February 12, 1945, however, the court vacated the order denying defendant's motion to set aside default. Defendant's answer set forth that: "The plaintiff herein was the agent, servant and employee of said Ben Johnson, and that the plaintiff herein had knowledge of the transaction wherein and whereby said note and chattel mortgage were made and executed; that the plaintiff herein at the time of the assignment of said note and chattel mortgage knew, or by the use of reasonable care could have ascertained that said note and chattel mortgage were illegal and null and void, in that it appears from said note and chattel mortgage that the ceiling prices as established by the Office of Price Administration had been exceeded and by the terms of said law were null and void; that at the time of said assignment of said note and Chattel Mortgage to the plaintiff herein and prior thereto the plaintiff knew or by the use of ordinary and reasonable care could have known that said note and Chattel Mortgage were obtained from the defendant herein by fraud and that said note and Chattel Mortgage were obtained by the said Ben Johnson by deceit."

The case was tried before the court without a jury and judgment was rendered on

behalf of defendant. From such judgment the plaintiff appealed and assigned two errors as follows:

"1. The court erred in setting aside the default of defendant; the defendant did not show a legal excuse for not having answered or appeared, and did not submit his answer showing a meritorious defense to the action."

"2. The Court erred in finding for the defendant and against the plaintiff, for the reason that plaintiff proved by a preponderance· of the evidence that he procured the note and mortgage in due course and that he had no notice or knowledge of any irregularity or defect in the original payee's title thereto."

Rule 55(a), Section 21-1205, A.C.A.1939, is "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

Rule 55(b), Section 21-1206, A.C.A.1939, is "In all cases the party entitled to a judgment by default shall apply to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application * * *."

Defendant was not served, as we understand it, with written notice as required by rule 55(b), but this case comes under rule 55(a), supra.

Section 21-1207, being rule 55(c) is "Setting aside default.—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." In our case of Brown v. Beck, 64 Ariz. 299, 169 P. 2d 855, 858, a case having reference to a default judgment, we quoted from Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873, as follows: "The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of. the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better as a general rule, that the doubt should be resolved in favor of the application."

The foregoing case has reference, however, to where default judgment had been rendered. In the instant case the clerk of the court had as a ministerial duty entered default, and this case comes under Rule 55(a) where default only has been taken, and it is sufficient to say that the trial court indeed did not abuse its discretion in setting aside default.

By plaintiff's second assignment of error, he states: "The court erred in finding for the defendant and against the plaintiff for the reason that plaintiff proved by a preponderance of the evidence that he * * *

had no notice or knowledge of any irregularity or defect in the original payee's title thereto."

In our case of Donahue v. Babbit, 26 Ariz. 542, 227 P. 995, 998, we said: "Appellant contends that this court should review all the evidence in the case to decide whether the weight of the evidence justified the findings made by the trial judge; in other words, it is urged that a trial de novo should be had and that this court should announce its own findings of fact from the whole record. This is not the rule in appeals from equity judgments any more so than in appeals at law."

It has been the rule of this court from its earliest cases down to the present time that it "Will not weigh the evidence to determine whether or not it would have reached a different conclusion from that of the trial court, confining ourselves to ascertain only whether or not the judgment is reasonably supported or justified by any substantial evidence." Rouillier v. Schuster, 18 Ariz. 175, 157 P. 976.

It is the contention of the defendant that the note and mortgage herein were obtained by plaintiff by fraud and that the plaintiff was not the holder in due course of said instruments, having taken the note subject to its infirmities.

Defendant testified that he rescinded the contract by letter written to the payee of the note, Ben Johnson, and the same was done on August 4, 1944.

And defendant further testified:

"A. I knew Mr. Painter being the manager for Mr. Johnson told me so.

"Q. That is just what you say about it. A. That is what Johnson told me."

The testimony of plaintiff Painter shows:

"Q. I will ask you to state whether or not the judge who presided at the hearing asked you the question in substance whether you, Mr. Painter, were not a front for Mr. Ben Johnson? A. Yes.

\*       \*       \*       \*       \*       \*

"Q. What is your occupation now? A. I am secretary-treasurer of the corporation." (This has reference to the corporation owned by Johnson, payee of the note, and others.)

Ben Johnson, payee in the note, conducted businesses in San Antonio and El Paso, Texas, his business being known as the Alamo Box Lunch Company. His letterheads bore the heading of Murphy's Products, and on such letterhead on July 17, 1944, plaintiff herein wrote defendant a letter signing same, "The Alamo Box Lunch Company, by John J. Painter, Manager."

This letter, of course, was written before plaintiff purchased the note involved from Johnson on August 1, 1944. Thereafter on October 5, 1944, plaintiff advised defendant as follows: "Several months ago I purchased your note dated July 12, in the amount of $1025.50 from Ben Johnson of San Antonio, Texas," and the letter further made demand for the payment of the note.

We have called attention to the fact that it is not the province of this court to weigh the evidence where there is substantial evidence in the record to substantiate the judgment of the court. It would serve no purpose to delineate the voluminous testimony in this case, suffice it to say that these facts did appear and were considered by the trial court. The plaintiff was an apprentice employee of Ben Johnson in the bakery business. He purchased the note from his employer, the original payee. He purchased the note at a substantial discount, endorsed without recourse, made no inquiry concerning the collectibility or financial status of the maker; in his capacity of employee of the original payee, he had occasion to write letters for his employer, dunning the defendant for past debts due his employer; the plaintiff purportedly paid $900 cash for the note at a time when the payee and seller of the note called witnesses to verify the transaction, and subsequent to buying the note without recourse, he joined up with the seller of the note as an incorporator in the original business of the seller.

These were all significant circumstances, the cumulative effect of which was peculiarly for the trial court to determine and are sufficient in and of themselves to justify the finding in judgment that the plaintiff was not a bona fide holder in due course of the note without recourse.

We find the record contains substantial evidence in support of the judgment.

Judgment is affirmed.

LaPRADE and UDALL, JJ., concurring.