224 P.2d 650

**GHIZ v. MILLETT et ux.**

No. 5201.

Supreme Court of Arizona.

Dec. 4, 1950.

Brice I. Bishop, of Phoenix, for appellant.

Darrell R. Parker, of Phoenix, for appellees.

STANFORD, Justice.

This court, on October 16, 1950, in the case of Ghiz v. Millett, 70 Ariz. 4, 222 P.2d 982, reduced the judgment of the lower court in the sum of $1788.24, and as

thus modified, affirmed it. Appellees timely filed a motion for rehearing which was granted. Apologetically, it is admitted in their brief in support of motion for rehearing, that appellees failed to analyze and point out the significance of the appellant's voluminous books and records admitted as exhibits in the case. While our original opinion, judged solely by the oral evidence adduced at the trial, was correct, it now appears, when the evidence as a whole, i. e. both oral and documentary, is examined, that an entirely different picture is presented.

To avoid repetition, we adopt, without reiterating, those portions of the original opinion that state the history of the case and the issues presented.

The petition for rehearing brings out material in the evidence which reasonably may be interpreted to show: (1) That the lettuce harvested on the Millett ranch on the 11th day of April, which this court formerly held must have been shipped on the 15th of April, or later, thus entering into the shipments in question, was packed and shipped at a time prior to the 15th of April and as such, prior to the shipping of the lettuce in question; (2) If the said lettuce was packed and shipped prior to the 15th of April, then it could not have entered into the shipments of lettuce made by the appellant which were made in violation of the contract, after the market collapse; (3) In view of such fact, there necessarily results a conflict in the evidence on record and as such, we must now look to the disposal made of the matter in the trial court.

■ This court may not weigh evidence to determine its preponderance upon a disputed question of fact, but is concerned only with whether facts do exist which might reasonably support the judgment, and if they do, the judgment must be sustained. Dunseath v. Tucson Golf & Country Club, 51 Ariz. 14, 74 P.2d 43; Painter v. Freije, 65 Ariz. 153, 176 P.2d 690; Hillman v. Busselle, 66 Ariz. 139, 185 P.2d 311.

■ Our previous judgment being in conflict with that of the lower court, only in regard to the said lettuce harvested on the 11th of April, we are now, after having had presented to us, the new information clarifying the evidence, compelled to affirm the decision of the lower court in its entirety, and it is so ordered.

Judgment affirmed.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.