315 P.2d 659

Thomas D. RIGHTMIRE, Appellant,

v.

Cleo SWEAT, Appellee.

No. 6299.

Supreme Court of Arizona.

Sept. 26, 1957.

George F. MacDonald, Phoenix, for appellant.

Aldrich, Hughes & Steward, Phoenix, for appellee.

STRUCKMEYER, Justice.

On the 21st day of January, 1954, appellee Cleo Sweat, an unmarried woman, was delivered of a female child. Under the authority of section 12–631, A.R.S. (formerly section 27–402, A.C.A.1939), she brought this action to establish the parentage of the child, alleging that Thomas D. Rightmire, appellant, was the father. Trial was duly had and the jury found that appellant is the father of the child. From the judgment entered on the verdict this appeal has been perfected.

Appellant urges that there was no competent evidence upon which the jury

could have based a finding that he was the father of this child. We cannot agree with his views of the state of the record. Cleo Sweat testified:

"Q. Did you ever have intercourse with Mr. Rightmire? A. Yes.

"Q. Where did that take place? A. On his property.

"Q. Do you remember the date? A. It was I would say in April in '53—wait a minute—'53.

"Q. Do you remember what date of the week it was? A. It was on a Saturday.

"Q. Do you know what Saturday? A. No, I don't.

"Q. Did you have intercourse with Mr. Rightmire more than one time? A. Yes.

"Q. When did that take place? A. I would say about two weeks later.

"Q. What month would that be in? A. That would be in April I would think, possibly the first day of May would be right along in there during that period of time.

"Q. Did you become pregnant from that intercourse? A. Yes."

■ In the year 1953, Saturdays occurred on the 11th, 18th, and 25th days of April and the 2nd day of May. If an act of intercourse occurred on the first Saturday in May, there would then be a period of 264 days to date of birth. This is well within the normal period of gestation. Dazey v. Dazey, 50 Cal.App.2d 15, 122 P.2d 308; Commonwealth v. Young, 163 Pa. Super. 279, 60 A.2d 831; Shatford v. Shatford, 214 Ark. 612, 217 S.W.2d 917; Steed v. State, 80 Ga.App. 360, 56 S.E.2d 171. We believe that the lower court fairly submitted the issue to the jury in this language:

" * * * It is not necessary to prove the exact date upon which the plaintiff became pregnant, but the act of intercourse must be shown to have occurred on such a date as will satisfy you that the infant was the result of such intercourse. You are instructed that the usual period of gestation which elapses between conception and the birth of a child is approximately nine months or 280 days, although that period may be somewhat longer or somewhat shorter according to the condition of the mother and the circumstances of the birth * * *"

■ It is pointed out that the complaint in this cause charges that the child was conceived *"on or about the 11th day of April, 1953"* but that the uncontradicted evidence shows that appellant was in Inglewood, California on that date. The complaint was verified by the attorney for Cleo Sweat upon information and belief. While we disapprove the practice of an attorney

verifying matters which are within the personal knowledge of others, the allegation that the child was conceived on or about the 11th day of April, 1953 is plainly used to avoid any positive averment and resulting variant. It is immaterial what particular act of intercourse caused the conception. Hazelett v. State, 55 Ariz. 141, 99 P.2d 101. On rehearing reversed for further proceedings, 55 Ariz. 273, 100 P.2d 992.

Appellant argues that appellee has so changed her position in this material matter as to deprive her testimony of any value. However, the contradiction goes solely to the weight and credibility of appellee's testimony. Only if the jury believed she wilfully testified falsely could her entire testimony have been disregarded. Singh v. State, 35 Ariz. 432, 444, 280 P. 672, 67 A.L.R. 129; Faltin v. State, 17 Ariz. 278, 151 P. 952. Likewise, if there was any variation between appellee's testimony and her deposition taken prior to trial, this also was a matter for the jury in its consideration of the weight and credibility of her testimony.

Appellant further argues that the record discloses no corroboration of the testimony of Cleo Sweat that he was the father of her child. We are cited to no authority that such corroboration is essential to a determination of the issue of paternity. The proceedings, being statutory, are civil in nature and no corroboration would normally be necessary. Nevertheless, in our examination of the record, we have observed numerous circumstances which, in our opinion, tend to substantiate the jury's finding. The appellant, although denying any act of intercourse with Cleo Sweat, admitted that he had taken her home many times after dances; that on the way home they had often stopped and parked; that the seats of his Nash automobile let down and that he had let the seats down while they parked; that, in his language, they would kiss and make love to each other. He acknowledged that after she became pregnant and was known by him to be pregnant, he gave her money and wrote her letters. In one such letter he addressed her as "Honey" and closed with the words "Love, Tommy." One witness, a mutual friend, testified that she and appellant had discussed appellee's pregnancy and that while he had never admitted that he was the father of Cleo Sweat's child, neither did he ever deny that he was the father.

This Court will not weigh the evidence to determine its preponderance upon a disputed question of fact. Ghiz v. Millett, 71 Ariz. 161, 224 P.2d 650. Our only concern is whether facts have been established which might reasonably support the judgment.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.