359 P.2d 988

Sam FENDELL, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, and Consolidated Copperstate Lines, Respondents.

No. 6994.

Supreme Court of Arizona.

March 1, 1961.

W. Edward Morgan and M. Morton Frei-lich, Tucson, for petitioner.

Donald J. Morgan, Phoenix, for respond-ent Industrial Commission of Arizona; James D. Lester, Frances M. Long, Phoe-nix, Edward E. Davis, Glendale, and C. E. Singer, Jr., Phoenix, of counsel.

UDALL, Justice.

The petitioner comes before this court on a writ of certiorari claiming that the Industrial Commission (hereinafter re-ferred to as the Commission) illegally re-fused to award him compensation for an in-jury claimed to have been incurred by the petitioner on the 18th day of May, 1959, while employed by the Consolidated Cop-perstate Lines, who in turn had a policy of industrial insurance with the Commis-sion.

The facts show that on the date of the alleged injury the petitioner was 69 years of age; that he was unloading a shipment of tar-paper packaged in bundles weighing approximately 50# each; that petitioner had previously been doing this type work; that there was no unusual occurrence dur-ing his work of that day; that in the reg-ular course of his employment he became ill from a pain that developed in his chest; that later that day he was treated by Dr. Clarence L. Robbins and taken to the hos-pital. The following day the doctor diag-nosed petitioner's ailment as a coronary occlusion with intramural infarction of myocardium. Thereafter, on July 29, 1959, a medical board consisting of three doctors examined petitioner and reported to the Commission that the petitioner had suffered myocardial infarction and gave their opin-ion as to the cause of the injury. The board made the following conclusion at the close of their report:

> "It is the opinion of this board that Mr. Fendell suffered a myocardial in-farction. The history of diabetes and present finding of hypertension as well as the fact that the patient had been doing this type of work and that there was no unusual occurrence at his work that day leads us to feel that there is no relationship between the disabil-ity and his work."

The Commission thereafter, on August 12, 1959, issued a noncompensable order and award. The petitioner protested the award and moved for a rehearing, alleging among other things that Dr. Robbins, the first examining physician, would submit new and additional medical evidence. On September 11th a letter was tendered to the Commission by Dr. Robbins in which he agreed with the finding of the medical board and stated he had no additional evi-

dence to submit. Thereafter the Commission, on September 29, 1959, entered an order denying the petition for rehearing and affirmed its order of August 12, 1959. The petitioner was given 20 days to apply for a rehearing after service of the order, as provided by the rules and regulations of the Commission. This he failed to do.

The petitioner alleges that the Commission committed error in two respects:

(1) The Industrial Commission incorrectly applied the law to the undisputed facts. As a matter of law the injury did arise out of and in the course of petitioner's employment; and

(2) the Industrial Commission incorrectly found that the work did not contribute to the injury without any substantial evidence to support these findings; that reasonable men could not differ in their conclusion that the evidence supported only one inference and that was that the injury arose out of and within the course of petitioner's employment.

█ It is the law in this state that in order for the petitioner to establish a compensable claim he must sustain the burden of proving a recognizable causal connection between his employment and the accidental injury, or more specifically, in a case such as this he must sustain the burden of proving that the work and exertions of his job precipitated the heart attack. Hudgens v. Industrial Comm., 83 Ariz. 383, 321 P.2d 1039; and Jones v. Industrial Comm., 81 Ariz. 352, 306 P.2d 277.

█ The following from our recent opinion in Helmericks v. AiResearch Manufacturing Co., 357 Ariz. 152, 357 P.2d 152, 154, is controlling in this case:

"This Court has uniformly held that a finding of the Commission is conclusive upon this Court unless it has no support in the evidence. [Citing cases.] We recently said that 'For us to * * * find a fact, the evidence must be such that there is but one possible inference to be drawn therefrom.' Gronowski v. Industrial Commission, 81 Ariz. 363, 366, 306 P.2d 285, 286–287."

█ The opinion of all the doctors in this case was to the effect that petitioner's work was not a causal factor in the occurrence of the heart attack. This alone seems to us sufficient to foreclose any possibility of our saying that the only "possible inference to be drawn" from the evidence is that petitioner's work was a causal factor. This is reinforced by the fact that not one shred of testimony to the contrary appears in the record. While it might have been reasonable for the Commission to conclude that the coincidence of this heart attack with heavy labor shows a causal connection, it was not unreasonable

for them to conclude (in harmony with their medical advisors) that it was mere coincidence with no causal connection.

The order of the Commission is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.