667 P.2d 222

**Aimee E. BUSH, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Pima County Board of Supervisors, Respondent Employer,**

**Pima County Board of Supervisors, Respondent Carrier.**

**No. 16498–PR.**

Supreme Court of Arizona, En Banc.

July 15, 1983.

Tretschok, McNamara & Clymer, P.C. by Brian I. Clymer, Tucson, for petitioner.

James A. Overholt, Chief Counsel, The Indus. Com'n of Arizona, Phoenix, for respondent.

Everett, Bury & Moeller, P.C. by J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

HOLOHAN, Chief Justice.

Claimant, Aimee E. Bush, suffered a heart attack for which she sought compensation under the Workmen's Compensation Act.

The administrative law judge denied her compensation and she sought review by special action. The Court of Appeals set aside the award. We granted review. The opinion of the Court of Appeals is vacated. *Bush v. Industrial Commission,* 136 Ariz. 525, 667 P.2d 225 (1983).

The essential facts are that the claimant had more work than she could do and had experienced substantial increases in workload and responsibility in her work as accountant for the Pima County Justice of the Peace Courts. As a result she began to feel exhausted at the end of the work day. On January 15, 1980 she became upset at work and early the next morning suffered a heart attack. She sought compensation under Workers' Compensation Law asserting that the stress from her job was a substantial cause of her heart attack.

The medical testimony was conflicting whether stress caused her heart attack but the administrative law judge held that there was a causal relationship between petitioner's heart attack and her employment. He nevertheless denied compensation based on *Archer v. Industrial Commission,* 127 Ariz. 199, 619 P.2d 27 (App.1980), and his finding that:

> [F]rom a legal standpoint the evidence fails to establish that the every day stress experienced by the applicant was any greater than that experienced by her coworkers.

On review, the Court of Appeals framed the issue as follows:

> This appeal again presents the vexatious problem of when the Administrative Law Judge accepts the medical opinion of job-related stress as a factor in the claimant's subsequent heart attack, must the job-related stress be "unusual or extraordinary" to render the heart attack an accident compensable under the Workers Compensation Law.

In *Archer, supra,* the court of appeals had established that, based on policy considerations concerning compensability, emotional stress must be "unusual or extraordinary" in order to recover for an injury due to emotional stress. *Id.* at 204–205, 619 P.2d at 32–33. The gradual buildup of emotional stress, without more, was not sufficient stress upon which to base a compensable claim. *Id.*

In disposing of the present case, however, the court looked to A.R.S. § 23–1043.01 which provides in pertinent part:

> A. A heart-related or perivascular injury, illness or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter unless some injury, *stress* or exertion related to the employment was a substantial contributing cause of the heart-related or perivascular injury, illness or death.

> B. A mental injury, illness or condition shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter *unless some unexpected, unusual or extraordinary stress related to the employment* or some physical injury related to the employment was a substantial contributing cause of the mental injury, illness or condition. (Emphasis added).

The court noted that the statute, which deals specifically with heart-related injuries, does not require a showing of unexpected, unusual or extraordinary stress in order to recover for a heart related or perivascular injury but does require such a

**524**

showing for mental injury or illness. The court of appeals concluded:

> Thus it is now clear that the declared public policy in Arizona is that stress-related heart attack cases are compensable if the work-related stress "was a substantial contributing cause" of the heart attack, without consideration as to whether the stress was "unusual or extraordinary."

■ The decision in this case cannot, however, be grounded on the statute. Claimant suffered her heart attack on January 16, 1980; the statute became effective on August 1, 1980. Statutes are not to be applied retroactively unless that intent is clearly expressed by the legislature, A.R.S. § 1–244, and it was not so expressed in this case.

The Court of Appeals in *Archer* held that for a heart attack, due to work related emotional stress, to be compensable it must be caused by an unusual and extraordinary work related stress. Our decisions in *Fireman's Fund & Insurance Co. v. Industrial Commission,* 119 Ariz. 51, 579 P.2d 555 (1978) and *Sloss v. Industrial Commission,* 121 Ariz. 10, 588 P.2d 303 (1978), both involving job-related stress, required that an emotional condition must have been produced by some unexpected, unusual or extraordinary stress to qualify as an injury by accident. These cases, however, involved conditions other than heart-related injuries. *Fireman's Fund* involved compensation for a nervous breakdown. *Sloss* involved chronic anxiety which caused gastritis. This court has never dealt specifically with an emotional stress-induced heart attack case.

■ This court has, however, on many occasions reviewed awards in cases involving heart-related injuries. We have previously said that heart attacks may be accidents within the meaning of the Workers' Compensation Act. *McNeely v. Industrial Commission,* 108 Ariz. 453, 501 P.2d 555 (1972). In order to recover, a claimant must show that the exertion, whether usual or unusual, is of such a character that the injury can be traced to it with reasonable assurance that the work caused or contributed to the injury. There must be a "recognizable, causal connection." *Bell Road Mini Storage v. Industrial Commission,* 124 Ariz. 493, 605 P.2d 895 (1980); *Phelps Dodge Corporation v. Cabarga,* 79 Ariz. 148, 285 P.2d 605 (1955). Put another way, the claimant must show that the work and exertions of the job precipitated the heart attack. *Fendell v. Industrial Commission,* 89 Ariz. 180, 359 P.2d 988 (1961); *Hudgens v. Industrial Commission,* 83 Ariz. 383, 321 P.2d 1039 (1958).

■ This court has never enunciated a strict requirement that the claimant show "unexpected, unusual or extraordinary" stress in order to recover for a heart attack. In fact, in *Carbarga, supra,* we held that where the usual exertion of employment precipitates a heart attack it is, nevertheless, compensable. We see no reason to impose a different requirement in a case involving a work induced emotional stress-related heart injury such as in the present case. A.R.S. § 23–1043.01 as amended in 1980 resolves the issue for the future. The injury is compensable if the job related stress was a substantial contributing cause of the heart-related injury.

The award is set aside.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.