713 P.2d 1231

**James H. WHITTEMORE and Laura R. Whittemore, husband and wife, Plaintiffs-Appellees,**

v.

**Eugene AMATOR and Betty Amator, husband and wife, Defendants-Appellants.**

No. 18203–PR.

Supreme Court of Arizona, En Banc.

Jan. 14, 1986.

Kenneth Haber, Smitherman & Sacks, Springerville by William Smitherman, Tucson, for plaintiffs-appellees.

Platt & Hall, P.C. by Mitchel Platt, St. Johns, for defendants-appellants.

HOLOHAN, Chief Justice.

The plaintiffs James H. and Laura Whittemore and James K. Whittemore (Whittemores) brought suit in Apache County Superior Court to quiet title to a disputed strip of land between their property and the property of the neighboring landowners, defendants Eugene and Betty Amator (Amators). The Court of Appeals reversed the judgment for the Whittemores, with directions to enter judgment for the Amators. *Whittemore v. Amator*, 148 Ariz. 200, 713 P.2d 1258 (App.1985). We granted the Whittemores' petition for review.

The petition for review presents two issues:

1. Did the Court of Appeals err by reversing the judgment of the Superior Court on the ground that adverse possession was not present?

2. Did the Court of Appeals err by awarding attorneys' fees to defendants (Amators) for the work done on appeal?

The essential facts are that the Whittemores and the Amators own adjoining parcels of land in Apache County along U.S. Highway 60. The Whittemores purchased their property in 1973 from the Colemans, who in turn had owned the land for four or five decades. Before the Colemans acquired the property, a fence had been erected around the entire property, including the fence in question along what was understood to be the southern boundary of the property. The parties stipulated that the fence had been in place since at least 1957.

The Amators bought their land in 1981, after having had a survey made to determine its boundaries. The survey revealed that the true boundary between the properties was 60 feet north of the existing fence. The Amators nevertheless purchased the land with plans to develop it. They bulldozed the fence and sought to have a power line constructed across the area.

The Whittemores filed a quiet title action, claiming ownership of the disputed 60-foot strip by adverse possession. The Amators counterclaimed and demanded that the title be quieted in them.

The trial judge heard the evidence and viewed the site of the disputed property. He concluded that the Whittemores and their predecessors "have had open, notorious, peaceable, and adverse possession of the described parcel of real property for a period in excess of ten years." Accordingly, the court awarded judgment quieting title in the Whittemores, and awarded them attorneys' fees pursuant to A.R.S. § 12-1103.

The Court of Appeals reversed on the grounds that there was insufficient evidence to support the judgment below, and it awarded attorneys' fees to defendants on appeal.

1. *Adverse Possession*

A.R.S. § 12-521(A)(1) provides that adverse possession "means an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Peaceable possession must be continuous, but need not be continued in the same person so long as there is privity

of estate between successive possessors. A.R.S. § 12–521(A)(2), (B). The applicable statute of limitations under A.R.S. § 12–526(A) is ten years.

■ The burden of proof in a claim for title by adverse possession is upon the person claiming title to show that the requisite statutory elements have been satisfied. *Tenney v. Luplow,* 103 Ariz. 363, 366, 442 P.2d 107, 110 (1968). The trial court concluded that the Whittemores had met their burden of proof, and accordingly held ·for them.

■ On appeal, an appellate court should not weigh conflicting evidence. *Hollis v. Industrial Commission,* 94 Ariz. 113, 116, 382 P.2d 226, 228 (1963). When the sufficiency of evidence to support a judgment is questioned on appeal, an appellate court will examine the record only to determine whether substantial evidence exists to support the action of the court below. *State ex rel. Herman v. Schaffer,* 110 Ariz. 91, 96, 515 P.2d 593, 598 (1973).

■ This court will *not* weigh evidence to determine its preponderance on a disputed question of fact; our only concern is whether facts have been established which might reasonably support the trial court's judgment. *Rightmire v. Sweat,* 83 Ariz. 2, 5, 315 P.2d 659, 662 (1957). We will not disturb a judgment on pure questions of fact, unless clearly erroneous. *Ryder v. Leach,* 3 Ariz. 129, 132, 77 P. 490, 491 (1889).

Our review of the trial record discloses that there was testimony that a four-strand barbed wire fence had been in place 60 feet south of the Amators' surveyed boundary since at least 1957; that the Whittemores and the Colemans had maintained the fence and understood it to be the property line; and that they exercised dominion over their *entire* property by variously permitting grazing on it and having businesses place a billboard on it. The Amators had seen the fence before their purchase of the neighboring land, and the presence of the fence was physical evidence of the perceived property line.

■ From the evidence it was reasonable for the trial judge to conclude that the Whittemores had treated the 60-foot strip as their property, and it was so understood by the surrounding landowners. It is not particularly significant that "there was no testimony that the property had been grazed up to the fence line or even that the strip of property along the fence contained vegetation upon which animals could be expected to graze." *Whittemore v. Amator,* 148 Ariz. at 203, 713 P.2d at 1261, (1985). The Court of Appeals was apparently persuaded that such evidence relative to livestock grazing must be definite enough to show specific use of the disputed land for a ten year period. The testimony presented, however, was sufficient to show that the strip in question was used as an undivided part of the land employed to graze cattle by the Whittemores and their predecessors in right. It was not necessary to show that any cow actually grazed up to the fence line. The evidence is clear that the Whittemores and the Colemans claimed all the land within the fence, and they treated it as their property to use as they wished.

Although there are no Arizona cases directly on point, other jurisdictions have generally recognized that possession sufficient to establish title by adverse possession may be demonstrated in a proper case by evidence that the land was enclosed and used for livestock grazing. *Niles v. Churchill,* 29 Colo.App. 283, 482 P.2d 994 (1971) (where claimants and tenants maintained boundary fence and grazed cattle on disputed land *even though on a seasonal basis only,* held that claimants asserted dominion and control sufficient to gain title by adverse possession); *Terry v. Timmons,* 282 Or. 363, 578 P.2d 405 (1978) (seasonal horse grazing, reasonably well maintained fence and use of land customary to area sufficient); *Butler v. Hanson,* 455 S.W.2d 942 (Tex.1970) (fence maintained, cattle grazed plus community perception of fence's ownership by claimant supported finding of title by adverse possession); *Shores v. Lindsey,* 591 P.2d 895 (Wyo.1979) (discontinuous seasonal grazing within misplaced dividing fence sufficient). Presented with evidence supporting similar

findings of fact, the trial court in this case acted reasonably in finding that the Whittemores had gained title by adverse possession to the 60-foot strip within the fenced property.

2. *Attorneys' Fees*

 Because we vacate the opinion of the Court of Appeals on the issue of adverse possession, the Amators are no longer the prevailing party. They are therefore not entitled to attorneys' fees under A.R.S. § 12–1103.

The opinion of the Court of Appeals is vacated, and the judgment of the trial court is affirmed.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.