743 P.2d 944

**Joe E. WILLS, Plaintiff/Appellant,**

v.

**PIMA COUNTY PUBLIC SAFETY PER-SONNEL RETIREMENT BOARD; Bud Walker, Peter Larsen, Kermit Oestrich, Larry Huff and Dan Pantke, in their official capacity and as Real Parties in Interest, Defendants/Appellees.**

No. 2 CA–CV 5963.

Court of Appeals of Arizona, Division 2, Department B.

June 18, 1987.

Review Denied Oct. 20, 1987.

Dee–Dee Samet, P.C. by Dee–Dee Samet, Tucson, for plaintiff/appellant.

Eaton, Lazarus & Dodge, Ltd. by Marc R. Lieberman, Phoenix, and Richard J. Michela, Tucson, for defendants/appellees.

## OPINION

LACAGNINA, Judge.

Joe E. Wills appeals from an adverse judgment refusing to award him an "accidental disability" pension based on his claim of permanent disability preventing him from performing duties as a deputy sheriff, as a result of a heart attack suffered while off duty on June 8, 1978. Both the Pima County Safety Personnel Retirement Board and the superior court, after hearings and trial, rejected Wills' claim that he is entitled to a lifetime accidental disability pension because the emotional stress of his job as deputy sheriff contributed to his heart condition. We affirm.

■ This decision requires an interpretation of A.R.S. § 38–842 [1] as it existed in 1970.

1. The current statutory provision reads as follows:

§ 38–842. Definitions

In this article, unless the context otherwise requires:

1. "Accidental disability" means a physical or mental condition which the local board finds totally and permanently prevents an employee from performing a reasonable range of duties within the employee's department and was incurred in the performance of his duty. A finding of accidental disability shall be based on medical evidence by a doctor or clinic appointed by the local board pursuant to § 38–847, subsection D, paragraph 9 which establishes an accidental disability. Material conflicts in medical evidence shall be resolved by the findings of the local board.

38–842. **Definitions**

In this article, unless the context otherwise requires:

1. "Accidental disability" means a physical or mental condition which, in the judgment of the board, totally and presumably permanently prevents an employee from performing his regularly assigned duties and was incurred in the performance of his duty. A determination of disability shall be based on medical evidence satisfactory to the board.

What did the legislature intend by the words "incurred in the performance of his duty?" Although "incurred" has many definitions, we believe that in the context of the statute defining "accidental disability" it can only mean "to occur as a result." Webster's Third New International Dictionary Unabridged at 1146 (1971). Therefore, entitlement to an accidental disability pension depends on evidence sufficient to establish a causal relationship between Wills' disability and his duties as a police officer.

Wills' medical expert testified that his job stress contributed to his condition but could not give an opinion as to any degree of contribution. Dr. Levitin testified that there was no indication that job stress either caused or contributed to Wills' heart condition. Dr. Phibbs testified that he could not find any causal connection between Wills' employment and his heart condition. We are prevented from re-weighing the evidence, and since there was substantial evidence to support the determination of no causal connection by the retirement board and the trial court, we must affirm. *Whittemore v. Amator*, 148 Ariz. 173, 713 P.2d 1231 (1986); *Moore v. Title Ins. Co. of Minnesota*, 148 Ariz. 408, 714 P.2d 1303 (App.1985).

Wills argues that he is entitled to a disability pension "if [his] work as a police officer aggravates a condition to the extent it becomes disabling" and "[t]he statute does not state that a mental or physical condition must be 'caused' by the policeman's work, but says it must be incurred in policeman's work." Wills supports this argument by citing cases involving workers' compensation. *Phelps Dodge Corporation*

*v. Cabarga*, 79 Ariz. 148, 285 P.2d 605 (1955); *Neece v. Industrial Commission*, 7 Ariz.App. 376, 439 P.2d 539 (1968); *Thiel v. Industrial Commission*, 1 Ariz.App. 445, 404 P.2d 711 (1965).

Workers' compensation is a statutory scheme peculiar to employer/employee relationships which has as its purpose compensation for work-related occurrences without regard to fault. The pension plan involved here is unrelated to workers' compensation and is a fund from which retired police officers are paid benefits after termination of employment and fulfillment of all statutory requirements by the member for the pension, A.R.S. §§ 38–841 and 842(19). It provides for payment of benefits before qualifying for normal retirement if a member is accidentally disabled. A.R.S. § 38–842(1). Although Arizona workers' compensation cases are based on a very liberal interpretation of medical causation in order to entitle a worker to benefits, they are useful in assisting us in our determination that "incurred in the performance of his duty" means proof of a causal relationship between the disability and duties as a police officer. Arizona workers' compensation cases have held that heart-related disabilities allegedly caused by job stress are not compensable unless the job stress was a substantial contributing cause of the heart-related illness. A.R.S. § 23–1043.01(A). *See also Skyview Cooling Co. v. Industrial Commission*, 142 Ariz. 554, 559, 691 P.2d 320, 325 (App.1984); *Bush v. Industrial Commission*, 136 Ariz. 522, 524, 667 P.2d 222, 224 (1983); *Sloss v. Industrial Commission*, 121 Ariz. 10, 588 P.2d 303 (1978) (more than insubstantial or slight) (requiring a recognizable causal connection showing that the exertions or work of the job precipitated the heart attack) (exposure to nothing other than the usual, ordinary and expected incidents of a job as highway patrolman is not compensable).

■ There was no evidence that Wills' heart attack which preceded his disability occurred while he was performing any duties as a police officer.

Causal connection means more than just a contributing factor. In this case, it was

undisputed even by Wills' medical witnesses that the biggest factors contributing to his heart condition were his heavy smoking, his family history of heart disease, his sedentary lifestyle, his high cholesterol levels, and his personal family problems concerning his divorce and ensuing custody battle. None of these factors were job-related. The medical witnesses either could not find any causal connection between Wills' duties as a police officer and his heart condition or found that the job was only an insignificant contributing factor. Therefore, there was sufficient medical evidence to support the finding of the retirement board and the superior court that Wills was not entitled to a permanent disability pension under the provisions of A.R.S. § 38–842 because his job stress neither caused nor contributed to his heart condition or there was no causal connection between his employment and his heart condition.

The parties shall bear their own costs and attorneys' fees on appeal.

Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.