IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO
_____

BENNETT BLUM, M.D., INC., AN ARIZONA CORPORATION,
*Plaintiff/Appellee*,


*v.*


CONNIE COWAN, A SINGLE WOMAN; AND
LAW OFFICE OF RAND HADDOCK, PLC, AN ARIZONA
PROFESSIONAL LIMITED LIABILITY COMPANY,
*Defendants/Appellants*.

Nos. 2 CA-CV 2012-0166 and 2 CA-CV 2013-0090 (Consolidated)
Filed July 3, 2014
_____


Appeal from the Superior Court in Pima County
No. C20115520
The Honorable Charles V. Harrington, Judge

**VACATED AND REMANDED**
_____

COUNSEL

Snell & Wilmer L.L.P., Tucson
By William N. Poorten, III, Andrew M. Jacobs,
and Katherine V. Foss
*Counsel for Plaintiff/Appellee*

Mesch, Clark & Rothschild, P.C., Tucson
By Gary J. Cohen
*Counsel for Defendants/Appellants*

**OPINION**

Judge Vásquez authored the opinion of the Court, in which Judge Howard and Judge Olson[1] concurred.

V Á S Q U E Z, Judge:

¶1  In this action arising out of a contract, appellants Connie Cowan and the Law Office of Rand Haddock, PLC (Haddock) appeal from the trial court's post-judgment award of attorney fees in favor of appellee Bennett Blum, M.D., Inc. (Blum).[2] For the reasons set forth below, we vacate the award and remand for further proceedings.

**Factual and Procedural Background**

¶2  Haddock represented Cowan in a contested will proceeding involving the sale of Cowan's deceased father's ranch (will litigation). Haddock and Cowan signed a contract under which Blum agreed to provide assistance as a medical expert on the issue of undue influence in the will litigation. Blum served as a medical expert at a settlement conference, but Cowan and Haddock refused to pay the amount he billed.

¶3  In July 2011, Blum filed a complaint against Cowan and Haddock, alleging breach of contract for nonpayment of fees. After

---

[1]The Hon. Robert Carter Olson, a retired judge of the Arizona Superior Court, is called back to active duty to serve on this case pursuant to orders of this court and the supreme court.

[2]We address other issues on appeal from the trial court's underlying judgment in favor of Blum in a separate memorandum decision. *See* Ariz. R. Civ. App. P. 28(g).

a bench trial in September 2012, the court found in favor of Blum. The court entered a final judgment in October 2012, awarding Blum $18,708.74 in damages, plus attorney fees and costs.

**¶4** In November 2012, Blum initiated a separate garnishment proceeding in the trial court. Appellants then filed a motion for stay of execution of the judgment, seeking "time to obtain a supersedeas bond," and filed a notice of appeal from the October 2012 judgment.[3] In a February 2013 under-advisement ruling, the court denied appellants' motion for a stay and granted Blum's applications for entry of judgment against the garnishees. Blum then requested attorney fees and costs incurred in the garnishment and other post-judgment proceedings against appellants. In May 2013, the court granted Blum's request in a signed, under-advisement ruling. Appellants timely appealed that ruling. We have jurisdiction pursuant to A.R.S. §§ 12-120.21, 12-2101(A)(2).

## Post-Judgment Attorney Fees

**¶5** Appellants maintain the trial court erred by awarding Blum attorney fees incurred post-judgment. We review a trial court's award of attorney fees for an abuse of discretion. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 18, 99 P.3d 1030, 1035 (App. 2004). However, we review questions of law, including the court's authority to award attorney fees and contract interpretation, de novo. *Geller v. Lesk*, 230 Ariz. 624, ¶ 8, 285 P.3d 972, 975 (App. 2012). And, we will affirm an award of attorney fees if it was appropriate under any of the authorities relied upon by the proponent. *See Harris v. Reserve Life Ins. Co.*, 158 Ariz. 380, 384, 762 P.2d 1334, 1338 (App. 1988).

---

[3]Appellants also filed a motion to set aside the October 2012 judgment pursuant to Rule 60(c), Ariz. R. Civ. P. Because their appeal from that judgment was pending, they asked this court to "revest jurisdiction in the trial court to consider their Rule 60(c) motion." We granted the request, but appellants subsequently withdrew their Rule 60(c) motion before the trial court. We then reinstated the appeal.

**¶6** In his motion for post-judgment attorney fees and costs, Blum argued he was entitled to attorney fees based upon the fee provision in the contract; A.R.S. §§ 12-341, 12-341.01(A); and Rules 54(f) and 77(f), Ariz. R. Civ. P. In response, appellants argued the amount of fees requested was "unreasonable as a matter of law," the fees relating to Blum's responses to appellants' post-judgment motions were not authorized by § 12-341.01(A), and the court should deny the fees arising from the garnishment proceeding pursuant to A.R.S. § 12-1580(E). After hearing argument and receiving supplemental briefing on the applicability of § 12-1580(E),[4] the trial court granted Blum's motion, apparently relying on § 12-341.01(A) as the basis for the award. The court explained § 12-1580(E) "adds an additional basis for an award of attorneys' fees in the specific area of garnishment to . . . § 12-341.01, [and is] not an exclusive basis."

**¶7** On appeal, appellants contend that § 12-341.01(A) does not authorize an award of attorney fees "to object to a motion for stay pending appeal; to attempt collection efforts; or to file motions or responses to motions post-judgment."[5] They further argue that,

---

[4]The transcript of the hearing is not part of our record on appeal. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995) (we assume missing transcript supports trial court's ruling).

[5]In their reply brief, appellants argue the trial court lacked jurisdiction to enter the award because this court had jurisdiction over the appeal from the October 2012 judgment at that time. This argument is without merit. "The filing of a notice of appeal . . . divests the trial court of jurisdiction to proceed other than to issue orders in furtherance of the appeal and to address matters unrelated to the appeal." *In re Marriage of Flores & Martinez*, 231 Ariz. 18, ¶ 10, 289 P.3d 946, 949 (App. 2012). Here, the trial court retained jurisdiction over the motion to stay because it was in furtherance of the appeal, *see* Ariz. R. Civ. App. P. 7(a), and the garnishment proceeding because it was unrelated to the appeal, *see San Fernando Motors, Inc. v. Fowler*, 17 Ariz. App. 357, 360-61, 498 P.2d 169, 172-73 (1972) ("[A] garnishment proceeding is an independent action."). Although the Rule 60(c) motion related to the judgment being

even if § 12-341.01(A) applies, they are the successful parties entitled to their attorney fees, not Blum.[6] And, again relying on § 12-1580(E), appellants argue "Blum was not entitled to recover any fees incurred in connection with the garnishments."

¶8 "[I]t is well-settled in Arizona that '[c]ontracts for payment of attorneys' fees are enforced in accordance with the terms of the contract.'" *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, ¶ 14, 165 P.3d 667, 670 (App. 2007), *quoting Heritage Heights Home Owners Ass'n v. Esser*, 115 Ariz. 330, 333, 565 P.2d 207, 210 (App. 1977) (second alteration in *McDowell Mountain Ranch Cmty. Ass'n*). Accordingly, a court lacks discretion to refuse to award attorney fees under a contractual provision. *Mining Inv. Grp., LLC v. Roberts*, 217 Ariz. 635, ¶ 26, 177 P.3d 1207, 1213 (App. 2008); *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (App. 1994).

¶9 The contract in this case includes the following provision for attorney fees:

---

appealed, because appellants withdrew their Rule 60(c) motion, the award was unrelated to the appeal. *See In re Estate of Killen*, 188 Ariz. 569, 573, 937 P.2d 1375, 1379 (App. 1996) (attorney fees may be awarded when not dependent upon outcome of appeal).

[6]Although appellants argue they are the successful parties, they have cited no authority to support their position. *See* Ariz. R. Civ. App. P. 13(a)(6); *Sholes v. Fernando*, 228 Ariz. 455, n.1, 268 P.3d 1112, 1114 n.1 (App. 2011). Instead, they maintain they were successful because Cowan offered to pay the entire judgment in installment payments before Blum initiated the garnishment proceedings, but Blum rejected that offer, and he is now "collecting the judgment through a continuing lien on promissory note payments, which are, in themselves, installment payments." But, "[t]he fact that a party did not recover the full measure of relief requested does not mean that he is not the successful party." *Ocean W. Contractors, Inc. v. Halec Constr. Co.*, 123 Ariz. 470, 473, 600 P.2d 1102, 1105 (1979).

> In the event either Party hereto shall commence legal proceedings against the other to enforce the terms hereof, or to declare rights hereunder, as the result of the breach of any covenants or condition of this Agreement, the prevailing Party in any such proceeding shall be entitled to recover from the losing Party its costs of suit, including reasonable attorneys' fees.

## A. Post-Judgment Motions

¶10 The attorney fees stemming from appellants' Rule 60(c) motion and motion to stay fall squarely within the broad language of this contractual provision.[7] There is no dispute that the underlying action arose from the parties' contract and that Blum was the prevailing party on his breach-of-contract claim in that action. In their Rule 60(c) motion, appellants sought relief from the underlying judgment, and, in their motion to stay, appellants sought to delay execution of that judgment. *See* Ariz. R. Civ. App. P. 7(a). Thus, both the Rule 60(c) motion and the motion to stay necessarily were related to the underlying action on the contract. The trial court denied appellants' motion for stay, and appellants withdrew their Rule 60(c) motion.

¶11 The trial court therefore had no discretion to refuse to award Blum attorney fees for appellants' Rule 60(c) motion and

---

[7]The day of oral argument in this court, appellants filed a supplemental citation of legal authority, *see* Ariz. R. Civ. App. P. 17, directing us to *Midyett v. Rennant Properties, Inc.*, 171 Ariz. 492, 493-94, 831 P.2d 868, 869-70 (App. 1992), for the proposition that "upon entry of judgment, both [the] breach of contract action and the contract upon which that action is based merge into the judgment, extinguishing both the contract and breach of contract action, and the judgment defines the subsequent rights of the plaintiff and defendant." We, however, find that case distinguishable as it involved a purchaser at a sheriff's sale who was trying to enforce an earlier contract to which it was not a party. *See id.*

motion to stay under the contract. *See McDowell Mountain Ranch Cmty. Ass'n*, 216 Ariz. 266, ¶ 14, 165 P.3d at 670. Because the contract controls, we need not address the applicability of § 12-341.01(A). *See Harris*, 158 Ariz. at 384, 762 P.2d at 1338; *see also Lisa v. Strom*, 183 Ariz. 415, 418 n.2, 904 P.2d 1239, 1242 n.2 (App. 1995) (contract's attorney fees provision controls to exclusion of statute).

**¶12** Moreover, we disagree with appellants that Blum's request for attorney fees was untimely because "Blum did not generally make a fee request post-judgment, much less a request that stated the legal basis for a request." In support of this argument, appellants rely on *Ezell v. Quon*, 224 Ariz. 532, ¶ 31, 233 P.3d 645, 652 (App. 2010). But that case is inapplicable here because it involved a request for attorney fees on appeal based solely on Rule 21, Ariz. R. Civ. App. P. *See Ezell*, 224 Ariz. 532, ¶¶ 28, 31, 233 P.3d at 652. And, in any event, Blum requested attorney fees in the underlying action in his complaint and then again within a week after the trial court had issued its February 2013 ruling. *See* Ariz. R. Civ. P. 54(g)(1), (2) (claim for attorney fees shall be made in pleading; motion for attorney fees shall be filed within twenty days of decision on merits). In both the complaint and the motion, Blum specified the contract as a basis for the award.

## B.    Garnishment Proceeding

**¶13** However, we conclude the trial court erred in awarding attorney fees relating to the garnishment proceeding pursuant to § 12-341.01(A). Garnishment proceedings are "purely statutory," *Patrick v. Associated Drygoods Corp.*, 20 Ariz. App. 6, 8, 509 P.2d 1043, 1045 (1973), and are "treated in all respects . . . as an original independent action" from the underlying lawsuit, *Davis v. Chilson*, 48 Ariz. 366, 371, 62 P.2d 127, 130 (1936).[8] And, § 12-341.01(A) does

---

[8] Because a garnishment proceeding is an "independent action," *Davis*, 48 Ariz. at 371, 62 P.2d at 130, we agree with appellants that Rule 77(f) does not authorize an award of attorney fees relating to the garnishment. Rule 77(f) permits an award of attorney fees "for services necessitated by the appeal" of an arbitration award and requires a comparison of the arbitration award to the judgment entered at trial. *See Bradshaw v. Jasso-Barajas*,

not apply to "'purely statutory causes of action.'" *Keystone Floor & More, LLC v. Ariz. Registrar of Contractors*, 223 Ariz. 27, ¶ 11, 219 P.3d 237, 240 (App. 2009), *quoting Hanley v. Pearson*, 204 Ariz. 147, ¶ 17, 61 P.3d 29, 33 (App. 2003); *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325-26, 856 P.2d 1201, 1203-04 (App. 1993). We therefore turn to the garnishment statutes to determine whether the award was proper.

**¶14** Section 12-1580(E) provides that, in a garnishment proceeding, "[t]he prevailing party may be awarded costs and attorney fees in a reasonable amount determined by the court." However, "[t]he award shall not be assessed against nor is it chargeable to the judgment debtor, unless the judgment debtor is found to have objected to the writ solely for the purpose of delay or to harass the judgment creditor." A.R.S. § 12-1580(E). Here, the trial court assessed attorney fees against appellants, the judgment debtors. However, because it relied improperly on § 12-341.01(A) as the basis for the award, the court did not make the requisite findings under § 12-1580(E). And, in the absence of such findings, the court erred by awarding fees against appellants in the garnishment proceedings.

**¶15** Blum nevertheless argues "§ 12-1580(E) does not apply" and "[t]his Court should reject [a]ppellants' argument that . . . § 12-1580(E) somehow trumps contractual provisions . . . that unambiguously provide for an award of attorneys' fees or costs to the prevailing party." He thus suggests the parties contractually waived the applicability of § 12-1580(E). Waiver is the intentional relinquishment of a known right. *Jones v. Cochise Cnty.*, 218 Ariz. 372, ¶ 22, 187 P.3d 97, 104 (App. 2008). "It is well settled that most rights may be waived." *McClellan Mortg. Co. v. Storey*, 146 Ariz. 185, 188, 704 P.2d 826, 829 (App. 1985). Even statutes "enacted to protect individuals may nonetheless be waived by those individuals." *State ex rel. Horne v. Campos*, 226 Ariz. 424, ¶ 21, 250 P.3d 201, 206-07 (App. 2011), *citing Herstam v. Deloitte & Touche, LLP*, 186 Ariz. 110, 116, 919

---

231 Ariz. 197, ¶ 7, 291 P.3d 991, 993 (App. 2013). Because the garnishment proceeding does not involve an appeal from an arbitration award, Rule 77(f) does not apply.

P.2d 1381, 1387 (App. 1996). However, "a statutory right may not be waived where waiver is expressly or impliedly prohibited by the plain language of the statute." *Verma v. Stuhr*, 223 Ariz. 144, ¶ 68, 221 P.3d 23, 36 (App. 2009).

**¶16** Although it does not expressly say so, we conclude § 12-1580(E) impliedly prohibits parties from waiving its requirements. "[G]arnishment was unknown to the common law." *Andrew Brown Co. v. Painters Warehouse, Inc.*, 11 Ariz. App. 571, 572, 466 P.2d 790, 791 (1970). It exists only by virtue of the statutes contained in Article 4 of Title 12, most recently enacted and amended in 1976, 1984, and 1986. *See* 1976 Ariz. Sess. Laws, ch. 170, § 14; 1984 Ariz. Sess. Laws, ch. 258, § 12; 1986 Ariz. Sess. Laws, ch. 4, § 3; *see also Andrew Brown Co.*, 11 Ariz. App. at 573, 466 P.2d at 792 (discussing history of Arizona garnishment statutes beginning in 1877). "'Since garnishment is a creature of statute, garnishment proceedings are necessarily governed by the terms of those statutes. . . . Thus, courts may not allow garnishment proceedings to follow any course other than that charted by the legislature.'" *Patrick*, 20 Ariz. App. at 9, 509 P.2d at 1046, *quoting Andrew Brown Co.*, 11 Ariz. App. at 572, 466 P.2d at 791.

**¶17** The statement in *Patrick* is consistent with the more general principle that "'[w]hen a statute creates a right and also creates a remedy for the right created, the remedy thereby given is exclusive.'" *Hull v. DaimlerChrysler Corp.*, 209 Ariz. 256, ¶ 8, 99 P.3d 1026, 1027 (App. 2004), *quoting Register v. Coleman*, 130 Ariz. 9, 14, 633 P.2d 418, 423 (1981); *see also Blankenbaker v. Jonovich*, 205 Ariz. 383, ¶ 18, 71 P.3d 910, 914 (2003) ("When, as here, a statute 'creates a right and also provides a complete and valid remedy for the right created, the remedy thereby given is exclusive.'"), *quoting Valley Drive-In Theatre Corp. v. Superior Court,* 79 Ariz. 396, 400, 291 P.2d 213, 215 (1955); *Grady v. Barth*, 233 Ariz. 318, ¶¶ 17, 20-21, 312 P.3d 117, 121-22 (App. 2013) (forcible detainer statute determines whether a party in possession is entitled to a stay pending appeal); *In re Jaramillo*, 229 Ariz. 581, ¶ 11, 278 P.3d 1284, 1287 (App. 2012) (court cannot "graft a remedy onto a statute when its plain language contains no such remedy").

**¶18** Applying those principles here, although either party as the "prevailing party" in the garnishment proceeding may agree to waive the right to attorney fees, appellants cannot waive the statutorily mandated limitation on the trial court's authority to award attorney fees against a judgment debtor. We therefore disagree with Blum's argument that the attorney fees provision of the contract governs an award of attorney fees in the garnishment proceeding and that § 12-1580(E) does not apply. To the contrary, § 12-1580(E) controls an award of attorney fees against the judgment debtor in a non-earnings garnishment proceeding. As we have noted, that section authorizes attorney fees against a judgment debtor only when "the judgment debtor is found to have objected to the writ solely for the purpose of delay or to harass the judgment creditor."

**¶19** The plain language of § 12-1580(E) is clear and requires no interpretation. "When the meaning is plain from the statutory language, we look no further and assume the legislature meant what it said." *First Credit Union v. Courtney*, 233 Ariz. 105, ¶ 23, 309 P.3d 929, 935 (App. 2013). Furthermore, "we presume the legislature expressed its meaning in as clear a manner as possible." *Callender v. Transpacific Hotel Corp.*, 179 Ariz. 557, 561, 880 P.2d 1103, 1107 (App. 1993).

**¶20** In sum, because garnishment is a statutory cause of action, the language of the statute is clear, and the legislature has explicitly determined when attorney fees may be awarded against the judgment debtor, a trial court must follow the manner in which the legislature has chosen for making that determination. *See Patrick*, 20 Ariz. App. at 9, 509 P.2d at 1046. That remedy is exclusive, *Hull*, 209 Ariz. 256, ¶ 8, 99 P.3d at 1027, and neither the parties nor the court were permitted to graft another remedy onto it, *Jaramillo*, 229 Ariz. 581, ¶ 11, 278 P.3d at 1287. *See, e.g.*, *Parkway Bank & Trust Co. v. Zivkovic*, 232 Ariz. 286, ¶¶ 15-17, 304 P.3d 1109, 1113 (App. 2013) (mortgage anti-deficiency protections "'would be largely illusory if a prospective creditor could compel a prospective debtor to waive them at the time the mortgage is executed'"), *quoting Brunsoman v. Scarlett*, 465 N.W.2d 162, 167 (N.D. 1991); *CSA 13-101*

*Loop, LLC v. Loop 101, LLC*, 233 Ariz. 355, ¶ 16, 312 P.3d 1121, 1126 (App. 2013).

**¶21** Accordingly, we vacate the trial court's award of attorney fees in the garnishment proceeding. And, because we are unable to discern from Blum's motion for and affidavit in support of attorney fees exactly what portion of the total award is attributable to the post-judgment motions, we remand to the trial court for a redetermination of the proper amount relating to the Rule 60(c) motion and the motion to stay.[9]

## Disposition

**¶22** For the reasons stated above, we vacate the award of attorney fees and remand for further proceedings consistent with this opinion. Both parties have requested their attorney fees and costs on appeal. Because both parties prevailed in part, we deny both requests as to this part of the appeal.

---

[9]The amount of attorney fees in this case appears to be high in relation to the underlying damages. However, appellants have not challenged the reasonableness of the award below or on appeal. *See* A.R.S. § 12-341.01(A) (allowing for an award of "reasonable attorney fees"). We therefore do not address this issue further.