NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RIVERBEND HOMEOWNERS ASSOCIATION,
an Arizona non-profit corporation, *Plaintiff/Appellant*,

*v.*

FELICIA EDWARDS, *Defendant/Appellee.*

BANNER HEALTH SYSTEMS,
*Garnishee/Appellee.*

No. 1 CA-CV 15-0513
FILED 12-13-2016

Appeal from the Superior Court in Maricopa County
No. TJ2012-002192
The Honorable Michael L. Barth, Judge *Pro Tempore*

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

COUNSEL

Vial Fotheringham, LLP, Tempe
By Quinten T. Cupps
*Counsel for Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**H O W E**, Judge:

¶1 Riverbend Homeowners Association appeals the trial court's denial of its request for post-judgment attorneys' fees against Felicia Edwards. Riverbend argues that it should have been awarded fees pursuant to the 2012 default judgment order and the Homeowners Association's Declaration of Covenants, Conditions, and Restrictions ("CC & Rs"). For the following reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this ruling.

**FACTS AND PROCEDURAL HISTORY**

¶2 In 2012, Riverbend obtained a default judgment against Edwards for $2,611.86. The judgment also awarded future costs of collection, including reasonable attorneys' fees. In 2015, after failed attempts to collect the judgment, Riverbend applied for a writ of garnishment for earnings.

¶3 Riverbend also sought an award of post-judgment attorneys' fees pursuant to the 2012 judgment and the CC & Rs. The CC & Rs included an attorneys' fee provision that stated, "[a]ll Assessments, together with interest and all costs, including, without limitation, reasonable attorneys' fees, incurred by [Riverbend] in collecting or attempting to collect delinquent Assessments," would be the personal obligation of the lot owner. In its application for attorneys' fees, Riverbend separated post-judgment attorneys' fees relating to the garnishment proceedings from those that occurred before the garnishment proceedings. Edwards failed to respond or appear in the proceedings.

¶4 The trial court granted the writ of garnishment and signed an ordered of continuing lien against Edwards but rejected Riverbend's request for attorneys' fees. The trial court noted that "attorneys' fees in a garnishment proceeding are controlled by statute, and not by the terms of contract," and that Riverbend's fees were outside the scope of the statute.

Riverbend moved for reconsideration, which the trial court denied. Riverbend timely appealed.

## DISCUSSION

**¶5**        Riverbend contends that the trial court erred by refusing to award post-judgment attorneys' fees. Specifically, Riverbend argues that the 2012 judgment already awarded post-judgment attorneys' fees and that the CC & Rs should control whether attorneys' fees are granted, not the garnishment statute.

**¶6**        We review the denial of attorneys' fees for an abuse of discretion, *see Democratic Party of Pima Cty. v. Ford*, 228 Ariz. 545, 547 ¶ 6, 269 P.3d 721, 723 (App. 2012), but review questions of law, including the court's authority to award fees and issues of contract interpretation, de novo, *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205 ¶ 5, 330 P.3d 961, 962 (App. 2014). If a contract has an attorneys' fees provision, fees are generally awarded according to its terms. *Sirrah Enters., LLC v. Wunderlich*, 240 Ariz. 163, 168 ¶ 11, 377 P.3d 360, 365 (App. 2016). Attorneys' fees relating to garnishment proceedings for earnings, however, are governed exclusively by statute. A.R.S. § 12–1598.07(E); *see also Bennett Blum*, 235 Ariz. at 208–09 ¶¶ 17–18, 330 P.3d at 965–66 (recognizing that garnishment statutes control when attorneys' fees in a garnishment proceeding for monies may be awarded).

**¶7**        Arizona Revised Statutes section 12–1598.07(E) provides that in a garnishment proceeding for earnings, the prevailing party "may be awarded costs and attorney fees in a reasonable amount determined by the court." The reasonable attorney fees "*shall not* be assessed against nor is it chargeable to the judgment debtor *unless* the judgment debtor is found to have objected solely for the purpose of delay or to harass the judgment creditor." A.R.S. § 12–1598.07(E) (emphases added). Here, Edwards did not object to the garnishment proceeding. In fact, Edwards failed to make any appearance at either the garnishment proceeding or the 2012 default judgment hearing. Therefore, pursuant to the statute's language, because Edwards never objected, Riverbend was ineligible for an award of attorneys' fees relating to the garnishment proceeding. Consequently, because A.R.S. § 12–1598.07(E) is the exclusive means by which attorneys' fees may be granted in a garnishment proceeding for earnings, the trial court did not err by denying Riverbend's attorneys' fees relating to the garnishment proceeding.

¶8 This court came to the same conclusion in *Bennett Blum*. In *Bennett Blum*, this court interpreted A.R.S. § 12–1580(E), which discusses when attorneys' fees may be awarded in a garnishment proceeding for monies. 235 Ariz. at 208–09, 330 P.3d at 965–66. Like the statute here, A.R.S. § 12–1580(E) states that attorneys' fees "shall not be assessed . . . unless the judgment debtor is found to have objected to the writ solely for the purpose of delay or to harass the judgment creditor." The court held that attorneys' fees related to the garnishment proceeding for monies could be awarded only under A.R.S. § 12–1580(E). *Id.* at 209 ¶ 18, 330 P.3d at 966.

¶9 Citing *Bennett Blum*, Riverbend argues that only garnishment of monies under A.R.S. § 12–1580(E), not garnishment of earnings under A.R.S. § 12–1598.07(E) is exclusively controlled by statue. But both statutes describe when attorneys' fees may be awarded in a garnishment proceeding. Further, the language of both statutes is clear: attorneys' fees *shall not* be assessed against a debtor unless the debtor is found to have objected solely for the purpose of delay or to harass the judgment creditor. Because Edwards chose not to appear, and therefore did not object, the judge had no authority to grant Riverbend those attorneys' fees. *See Bennett Blum*, 235 Ariz. at 208 ¶ 17, 330 P.3d at 965 (finding a statutorily mandated limitation on the trial court's authority to award attorney fees against a judgment debtor in a garnishment proceeding).

¶10 Riverbend also argues that other garnishment statutes support its request for attorneys' fees. Arizona Revised Statutes section 12–1598.03(3) requires that an application for a writ of garnishment include the outstanding balance due on the judgment. Additionally, A.R.S. § 12–1598.04(B)(1) mandates that a writ of garnishment state the amount of the outstanding balance due on judgment. Riverbend contends that the mention of "due on judgment" in these statutes requires awarding attorneys' fees because those fees were a part of the 2012 default judgment that gave rise to the garnishment proceeding. In light of A.R.S. § 12–1598.07(E), however, Riverbend's argument is not compelling. "Statutes relating to the same subject or having the same general purpose [] should be read in connection with, or should be construed with other related statutes, as though they constituted one law." *Respect the Promise in Opposition to R-14-02-Neighbors for a Better Glendale v. Hanna*, 238 Ariz. 296, 303 ¶ 27, 360 P.3d 92, 99 (App. 2015). Therefore, the statutes Riverbend relies on need to be read in connection with A.R.S. § 12–1598.07(E), and that statute clearly states when attorneys' fees may be awarded.

¶11 Riverbend next argues that even if the garnishment statute provides the exclusive means by which to obtain attorneys' fees, because

future attorneys' fees were awarded in the 2012 default judgment, the trial court had no discretion to deny the request. But as the trial court found, this argument ignores that garnishment proceedings are treated in all respects as actions independent from the underlying lawsuit. *See Bennett Blum*, 235 Ariz. at 207 ¶ 13, 330 P.3d at 964. Therefore, the award of reasonable attorneys' fees in collection of the 2012 default judgment is not determinative for all of Riverbend's requested attorneys' fees.

¶12        In contrast, the attorneys' fees provision in the CC & Rs controls Riverbend's request for non-garnishment related attorneys' fees. Riverbend requested attorneys' fees both related and unrelated to the garnishment proceeding. Riverbend argues that the trial court erred by denying its attorneys' fees not related to the garnishment proceeding. The attorneys' fees accrued before the garnishment proceeding all relate to collecting on the default judgment. Further, the 2012 default judgment and collection of the judgment fall within the broad attorneys' fees provision of the CC & Rs. Therefore, the trial court "had no discretion to refuse to award [non-garnishment attorneys' fees] under the contract." *See Bennett Blum*, 235 Ariz. at 207 ¶ 11, 330 P.3d at 964; *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269 ¶ 14, 165 P.3d 667, 670 (App. 2007). But any award of such fees is limited to the reasonable amount of fees requested. *Geller v. Lesk*, 230 Ariz. 624, 628 ¶ 14, 285 P.3d 972, 976 (App. 2012). Accordingly, the trial court erred by denying Riverbend's request for non-garnishment related attorneys' fees.

## CONCLUSION

¶13        For the foregoing reasons, we affirm the trial court's denial of attorneys' fees relating to the garnishment proceeding. However, we reverse the trial court's denial of Riverbend's non-garnishment related attorneys' fees and remand this matter back to the trial court for further proceedings consistent with this ruling. Riverbend requests an award of attorneys' fees on appeal pursuant to A.R.S. § 12–341.01 and Arizona Rule of Civil Appellate Procedure 21. In the exercise of our discretion, we decline to grant attorneys' fees on appeal.

