NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RAY AND LINDSAY - 11, LLC,
*Plaintiff/Appellant*,

v.

TOWN OF GILBERT,
*Defendant/Appellee*.

No. 1 CA-CV 20-0443
FILED 5-4-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-011285
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Berry Riddell, LLC, Scottsdale
By Jeffrey D. Gross, Michael W. Zimmerman
*Counsel for Plaintiff/Appellant*

Gust Rosenfeld, PLC, Phoenix
By Charles W. Wirken
*Counsel for Defendant/Appellee*

-------------------------

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

-------------------------

**W E I N Z W E I G,** Judge:

¶1        Ray and Lindsay, LLC ("R&L") appeals the superior court's entry of judgment on the pleadings for the Town of Gilbert and award of attorney fees. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Because the superior court dismissed the lawsuit on the pleadings under Arizona Rule of Civil Procedure 12(c), we accept and thus recount "the allegations of the complaint as true." *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017).

*2005 Development Agreement*

¶3        Greater Phoenix Income Properties ("GPI") owned and intended to develop a vacant parcel ("Property") in the Town. When so developed, GPI understood it would need "to construct certain improvements."

¶4        GPI and the Town entered into a development reimbursement agreement ("Agreement") in April 2005. The Agreement expressly bound all successors and was recorded to notify prospective purchasers about its obligations. The Town promised "to construct" capital improvements for the Property, and GPI promised to reimburse the Town for nearly $760,000 in improvements, including roadway improvements, design fees, construction management fees, irrigation costs and power costs. The Agreement explained that the Town would not record "the final plat for any portion of the Property and [would] withhold[] permits and municipal services to the Property until the funds [were] fully received." A lien was recorded on the Property to secure the debt, which the Town promised to release once paid.

¶5        The Town approved the Agreement by resolution, citing its authority under A.R.S. § 9-500.05 to "enter into development agreements relating to the development of property in the Town."

*R&L Acquires the Property and Sues the Town*

**¶6** R&L bought the Property from GPI in December 2016. Around 13 months later, R&L asked the Town to reduce the reimbursement amount under the Agreement and release the lien. R&L claimed the Agreement was an assessment under A.R.S. § 9-243, which abated in 2015 because the Property remained undeveloped after 10 years. The Town refused, and R&L sued for a declaratory judgment that the assessment and lien had expired.

**¶7** The superior court granted the Town's motion for judgment on the pleadings and awarded attorney fees to the Town. R&L timely appeals. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8** We review de novo an order granting judgment on the pleadings and will affirm if it is correct for any reason. *Muscat by Berman*, 244 Ariz. at 197, ¶ 7. We also interpret statutes de novo. *Duff v. Lee*, 250 Ariz. 135, 138, ¶ 11 (2020).

### I.    Assessments and Development Agreements

**¶9** Although contained in a development agreement authorized by § 9-500.05, R&L argues the reimbursement requirement was an involuntary assessment under § 9-243. We thus begin by describing and comparing assessments and development agreements.

**¶10** <u>Assessments</u>.    Arizona cities and towns may impose assessments under § 9-243—without mutual assent—shifting the costs for public improvements (streets and sidewalks) from all taxpayers to local businesses and landowners who need the improvements:

> The council may by ordinance require the proprietor or owner of any property within the town at the time of the development of the property to construct streets within and adjacent to the property. If the council determines that such streets are necessary before the development of the property, the council may order these improvements to be constructed by the town at its expense and the expense shall be assessed against the property.

A.R.S. § 9-243(B).

¶11     The legislature created a framework for municipalities to impose assessments and for landowners to appeal them. *See* A.R.S. § 9-243(D) ("The determination of necessity by the council resulting in the assessing of property under this section may be appealed by any aggrieved party to the superior court.").

¶12     Assessments are time-limited to protect landowners from paying to construct streets and sidewalks they never need or use: "Any assessment under this section shall abate if the property has not been developed within ten years of the assessment." A.R.S. § 9-243(C). The Town cannot extend or exceed its powers beyond that granted by the legislature. *Town of Florence v. Florence*, __ Ariz. __, 2021 WL 1099043 at *4 (Ariz. App. Mar. 23, 2021).

¶13     Development agreements. By contrast, Arizona cities and towns may negotiate development agreements with developers under § 9-500.05 to attract and induce development. *Id.* ("By authorizing cities and towns to enter development agreements, the legislature expanded the land-use toolbox of local governments to attract large investments from developers who demand more certainty and less risk—sheltering the developers from oscillating public preference and unpredictable political winds."). Mutual assent is needed to enter or amend a development agreement. *See* A.R.S. § 9-500.05.

¶14     The legislature identified various forms of development agreements, including, as relevant here, "an agreement between a municipality and a [landowner]" relating to "[c]onditions, terms, restrictions and requirements for public infrastructure and the financing of public infrastructure and subsequent reimbursements over time." A.R.S. § 9-500.05(H)(1)(g). The legislature did not limit the duration of development agreements. Rather, the burdens and benefits of development agreements inure to "successors in interest and assigns," and development agreements cannot be terminated without mutual assent. A.R.S. § 9-500.05(A), (C), (D).

## II.     Abatement

¶15     R&L argues the development reimbursement agreement between its predecessor and the Town was really an assessment under § 9-243, which necessarily abated in 2015 because the Property had "not been developed within ten years of the assessment." *See* A.R.S. § 9-243(C). This argument fails under the plain language of § 9-243 and § 9-500.05. Our primary goal with statutory interpretation is to discern and carry out the

legislature's intent, *J.D. v. Hegyi*, 236 Ariz. 39, 40, ¶ 6 (2014), which is best expressed by the statute's plain language, *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 195, ¶ 9 (2016).

**¶16**         First, the legislature expressly limited § 9-243's ten-year abatement period to "any assessment under *this section*." A.R.S. § 9-243(C) (emphasis supplied). Had the legislature intended this limitation to apply more broadly, including to development agreements under § 9-500.05, it could and would have said, "under *this title*." *State ex rel. Fox v. New Phoenix Auto Auction, Ltd.*, 185 Ariz. 302, 308 (App. 1996) (citing A.R.S. § 1-213) (recognizing the importance when "the legislature expresses itself using its own technical terms," like "section").

**¶17**         Second, the Town did not "require" or "order" GPI and its successors to reimburse the improvement costs under § 9-243(B). Rather, the parties negotiated and voluntarily agreed to the reimbursement obligation as a valid "condition[], term[], restriction[] [or] requirement for public infrastructure" financing under § 9-500.05(H)(1)(g). Nor has R&L alleged the development agreement is void or voidable as the product of duress.

**¶18**         Third, unlike a unilateral assessment under § 9-243, the terms of a development agreement under § 9-500.05 run with the land, bind successors in interest and cannot be amended or terminated without mutual consent. *See* A.R.S. § 9-500.05(C), (D).

**¶19**         R&L relies on *Achen-Gardener, Inc. v. Superior Ct.*, 173 Ariz. 48 (1992), to argue that "A.R.S. § 9-500.05 does not give cities unfettered authority to statutory limitations." That reliance is misplaced. There, our supreme court held that local governments cannot negotiate whether compliance with state procurement laws will be required under a development agreement. But state procurement laws are mandatory and protect taxpayers from self-dealing and cronyism. *Id.* at 55. Assessment laws, by contrast, describe how and when local governments can shift the cost of improvements. *See* Shelby D. Green, *Development Agreements: Bargained-For Zoning That Is Neither Illegal Contract Nor Conditional Zoning*, 33 Cap. U.L. Rev. 383, 394 (2004). *Compare Assoc'd Gen. Contractors of Cal. v. San Francisco Unified Sch. Dist.*, 616 F.2d 1381, 1391 (9th Cir. 1980) (procurement laws are "designed to protect the public [coffers] by preventing public officials from awarding contracts uneconomically on the basis of special friendships"), *with* 3 *Rathkopf's The Law of Zoning and Planning* § 44:16 (4th ed.) (both parties benefit from development agreements when the municipality negotiates for "fees, dedications,

exactions, and improvements," and the developer negotiates to "'lock in' the land use regulations"). We affirm the superior court's entry of judgment on the pleadings.

### III. Attorney Fees

**¶20** R&L also challenges the superior court's statutory authority to award the Town its attorney fees, which we review de novo. *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205, ¶ 5 (App. 2014). Finding no error, we affirm.

**¶21** The superior court is authorized under A.R.S. § 12-341.01(A) to award reasonable attorney fees to the successful party in a "contested action arising out of a contract." The development agreement is a contract and the Town prevailed in a lawsuit arising from the development agreement. *See Florence*, 2021 WL 1099043 at *6. Moreover, the development agreement provided that "the prevailing party shall be awarded his reasonable attorney[] fees and costs and collection costs incurred" if required to litigate. That provision is enforceable. *Bennett Blum*, 235 Ariz. at 206, ¶ 8 (quoting *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 14 (App. 2007)).

**¶22** Both parties seek attorney fees under A.R.S. § 12-341.01. The Town also requests fees under the Agreement. We award the Town its reasonable attorney fees as the prevailing party upon compliance with ARCAP 21 and deny R&L's request.

### CONCLUSION

**¶23** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA