NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CORTEZ INVESTMENT COMPANY, LLC,
*Plaintiff/Appellee*,

v.

LATHE Y. YOUSIF,
*Defendant/Appellant*.

No. 1 CA-CV 20-0501
FILED 7-1-2021

Appeal from the Superior Court in Maricopa County
No.  TJ2014-009859
The Honorable David W. Garbarino, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

The Hameroff Law Group, PC, Tucson
By David E. Hameroff, Kyra Padden Holtzman
*Counsel for Plaintiff/Appellee*

Jackson White, PC, Mesa
By John N. Skiba
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Lathe Yousif and Juliet Yousif appeal a judgment against garnishee on writ of garnishment entered against a bank account held in both of their names.  For the reasons herein, we vacate and remand for an evidentiary hearing.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        A judgment creditor obtained a default judgment in 2007 against "LATHE Y YOUSIF AKA OATHI YOUSIF, AND JOHN DOE" for $7,322.69 and post-judgment interest of 10% per annum.  About thirteen years later, the judgment creditor's assignee, Cortez Investment Company, LLC, applied for a writ of garnishment in the superior court against a Desert Financial Credit Union bank account (the "Account") in the names of "Lathe Y Yousif" and "Oathi Yousif aka Juliet Yousif."

**¶3**        Lathe Yousif and Juliet Yousif appeared and objected to the garnishment.  The Yousifs told the court they were married and the judgment did not include Juliet.  They requested a hearing at which no testimony was given. The only evidence received by the superior court was a letter from the garnishee bank.  The court overruled the Yousifs' objection, ordering that Cortez receive $15,719.85 from the Account in principal and interest because "[t]he amount garnished is less than Ms. Yousif's ½ interest in the community property held in the account."  The Yousifs timely appealed.  We have jurisdiction.  A.R.S. § 12-2101(A)(5)(c).

## DISCUSSION

**¶4**        We review a garnishment judgment for an abuse of discretion, *Carey v. Soucy*, 245 Ariz. 547, 552, ¶ 19 (App. 2018), and review issues of statutory interpretation de novo, *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001).

**¶5**        A judgment against one spouse does not bind the marital community under Arizona law; instead, both spouses must be jointly sued

to recover against community property.  *See* A.R.S. § 25-215(D); *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36 (App. 1984).[1]

**¶6**        We vacate the superior court's judgment against garnishee because the record is devoid of supporting evidence, and the court might have legally erred depending on the absent record evidence.  *Soucy*, 245 Ariz. at 552, ¶ 19.  On one hand, the court described the assets in the Account as "community property," and the judgment creditor only secured a judgment against Lathe Yousif.  *Soucy*, 245 Ariz. At 552, ¶ 19.  On the other hand, the record includes no evidence that Lathe Yousif and Juliet Yousif are married.  Accordingly, we remand the case for the court to conduct an evidentiary hearing on whether Lathe and Juliet are married and, if so, whether the Account predated the marriage.  *See* A.R.S. § 25-215(B) (stating that community property may be liable for premarital separate debts to the extent of the value of the debtor spouse's contribution to the community property).

## CONCLUSION

**¶7**        We vacate the superior court's judgment against garnishee on writ of garnishment and remand this matter for an evidentiary hearing. Lathe and Juliet also seek their attorney fees on appeal under A.R.S. § 12-341.01(A), which we deny because garnishment proceedings do not arise out of contract.  *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 207, ¶ 13 (App. 2014).  As the prevailing party, however, Lathe and Juliet are awarded their taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1]     Cortez cites the Arizona Probate Code as contrary authority, A.R.S. § 14-6211(A), but this is not a probate case.  Beyond that, the Probate Code also provides that "[a] deposit of community property in an account does not alter the community character of the property or community rights in the property."  A.R.S. § 14-6216(a).