IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

RAY AND LINDSAY - 11, LLC,
*Plaintiff/Appellant*,

v.

TOWN OF GILBERT,
*Defendant/Appellee*.

No. 1 CA-CV 20-0443
FILED 9-7-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-011285
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Berry Riddell, LLC, Scottsdale
By Jeffrey D. Gross, Michael W. Zimmerman
*Counsel for Plaintiff/Appellant*

Gust Rosenfeld, PLC, Phoenix
By Charles W. Wirken
*Counsel for Defendant/Appellee*

## OPINION

Judge David D. Weinzweig delivered the opinion of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

**W E I N Z W E I G,** Judge:

**¶1**        In 2016, Ray and Lindsay, LLC ("RL") acquired vacant land on the corner of Ray and Lindsay Roads.  Eleven years earlier, in 2005, the prior owner of the land had entered a development reimbursement agreement with the Town of Gilbert under A.R.S. § 9-500.05, which expressly bound all successors and ran with the land.  Under the agreement, the Town promised to construct certain public improvements required for a proposed development of the land, the landowner promised to reimburse the Town for a proportionate share of the resulting costs, and the Town would receive a lien on the land to ensure payment.

**¶2**        RL later insisted it need not reimburse the Town and sued for a declaratory judgment recognizing that the development reimbursement agreement was an assessment, which had abated under A.R.S. § 9-243(C), and the Town must remove its lien.  Recognizing the distinct statutory basis of these municipal development tools, the superior court held the development agreement was not an assessment and dismissed the lawsuit.  We affirm because development agreements are authorized and governed by A.R.S. § 9-500.05, and not circumscribed as assessments under A.R.S. § 9-243.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        Because the superior court granted a motion to dismiss on the pleadings under Arizona Rule of Civil Procedure 12(c), we accept and thus recount the well-pleaded "allegations of the complaint as true." *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017).

*2005 Development Agreement*

**¶4**        Greater Phoenix Income Properties ("GPI") owned and intended to develop a vacant parcel ("Property") in the Town.  GPI understood the development would require construction of "certain improvements," including streets and sidewalks.

¶5          GPI and the Town entered into a development reimbursement agreement ("Agreement") in April 2005. The Agreement expressly bound all successors and was recorded to notify prospective purchasers of its obligations. The Town promised "to construct" certain improvements for the Property, and GPI promised to reimburse the Town for nearly $760,000 towards roadway improvements, design fees, construction management fees, irrigation costs and power costs. According to the Agreement, the Town would not record "the final plat for any portion of the Property and [would] withhold[] permits and municipal services to the Property until the funds [were] fully received." A lien was recorded on the Property to ensure payment, which the Town promised to release once paid.

¶6          The Town approved the Agreement by resolution, citing A.R.S. § 9-500.05 for its power to enter "development agreements relating to the development of property in the Town," and seek reimbursement of construction costs for public infrastructure and streets.

*RL Acquires the Property and Sues the Town*

¶7          RL purchased the Property from GPI in December 2016. Around 13 months later, RL demanded the Town release the lien. It argued the Agreement's reimbursement obligation was an assessment that abated under A.R.S. § 9-243(C) because the Property was not "developed within ten years of the assessment." The Town refused to release the lien. RL then sued the Town for a declaratory judgment establishing that the reimbursement obligation had abated and the lien had expired.

¶8          The superior court granted the Town's motion for judgment on the pleadings, holding "[t]he agreement for reimbursement in this case was not an assessment under A.R.S. § 9-243," but "was an agreement for reimbursement under A.R.S. § 9-500.05," to which the abatement limitations on assessments did not apply. The court also awarded attorney fees to the Town. RL timely appeals. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶9          We review de novo an order granting judgment on the pleadings and will affirm if the order is correct for any reason. *Muscat by Berman*, 244 Ariz. at 197, ¶ 7. We also interpret statutes de novo. *Duff v. Lee*, 250 Ariz. 135, 138, ¶ 11 (2020).

3

### I.    Assessments and Development Agreements

¶10        Although the reimbursement requirement here was in a development agreement authorized by § 9-500.05, RL argues it was an involuntary assessment under § 9-243. As a result, we begin by describing and comparing assessments and development agreements.

*Assessments*

¶11        An assessment under § 9-243 is a targeted mechanism for Arizona towns to finance public improvements by shifting the construction costs for streets and sidewalks from public coffers to the local businesses and landowners that benefit from the improvements. *See* A.R.S. § 9-243(B) ("If the council determines that such streets are necessary before the development of the property, the council may order these improvements to be constructed by the town at its expense and the expense shall be assessed against the property."); A.R.S. § 9-243(A) (sidewalk construction).

¶12        These assessments are compulsory and do not require the assent of a business or landowner. *See* A.R.S. § 9-243(A), (B). The legislature imposed various limitations on the assessment power, including a limited shelf life to protect businesses and landowners from having to pay for streets and sidewalks they never need or use: "Any assessment under this section shall abate if the property has not been developed within ten years of the assessment." A.R.S. § 9-243(C). And the legislature established a mechanism for businesses and landowners to appeal the assessments to the superior court. *See* A.R.S. § 9-243(D) ("The determination of necessity by the council resulting in the assessing of property under this section may be appealed by any aggrieved party to the superior court.").

*Development Agreements*

¶13        By contrast, a development agreement under § 9-500.05 is a contract between a developer and local government. "By authorizing cities and towns to enter development agreements, the legislature expanded the land-use toolbox of local governments to attract large investments from developers who demand more certainty and less risk—sheltering the developers from oscillating public preference and unpredictable political winds." *Town of Florence v. Florence Copper Inc.*, __ Ariz. __, 2021 WL 1099043 at *4 (Ariz. App. Mar. 23, 2021). As relevant here, Arizona cities and towns may negotiate and enter broad development agreements on the "[c]onditions, terms, restrictions and requirements for public infrastructure and the financing of public infrastructure and subsequent reimbursements over time." A.R.S. § 9-500.05(H)(1)(g).

¶14 Unlike an assessment, mutual assent is needed to enter and amend a development agreement. *See* A.R.S. § 9-500.05. And unlike an assessment, the legislature did not limit the permissible duration of development agreements; the burdens and benefits of development agreements inure to "successors in interest and assigns," and they cannot be terminated without mutual assent. A.R.S. § 9-500.05(A), (C), (D).

## II. Abatement

¶15 Returning here, RL contends the development reimbursement agreement was really an assessment under § 9-243. And because the Property had "not been developed within ten years of the assessment," RL contends the reimbursement obligation abated in 2015 under § 9-243(C), before RL even acquired the Property.

¶16 Our primary goal when interpreting a statute is to discern and accomplish the legislature's intent, *J.D. v. Hegyi*, 236 Ariz. 39, 40, ¶ 6 (2014), which is best expressed by the statute's plain language, *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 195, ¶ 9 (2016). Arizona towns cannot exceed or extend their powers beyond those granted by the legislature. *Florence Copper*, 2021 WL 1099043 at *4.

¶17 RL's argument fails under the plain language of the statutes governing assessments and development agreements. First, the legislature expressly limited the abatement restriction in § 9-243(C) to "any assessment under *this section*." A.R.S. § 9-243(C) (emphasis supplied). But development agreements are covered in a different section—§ 9-500.05. At a minimum, if the legislature intended abatement to apply to development agreements, it could and would have stated that it applies to all reimbursement obligations "under *this title*." *State ex rel. Fox v. New Phoenix Auto Auction, Ltd.*, 185 Ariz. 302, 308 (App. 1996) (citing A.R.S. § 1-213) (recognizing the importance of "the legislature express[ing] itself using its own technical terms," like "section").

¶18 Second, the Town neither "require[d]" nor "order[ed]" GPI and RL to reimburse the construction costs and described under § 9-243(A) and (B). Instead, the Town and GPI voluntarily negotiated and mutually agreed to the reimbursement requirement as a "condition[], term[], restriction[] [or] requirement for public infrastructure" under § 9-500.05(H)(1)(g). And RL does not allege the development agreement is void or voidable as the product of duress or otherwise.

¶19 Third, unlike a time-limited assessment under § 9-243(C), the legislature recognized that parties to a development agreement may agree

on "[t]he duration of the development agreement." A.R.S. § 9-500.05(H)(1)(a).

¶20 RL counters that our supreme court "held A.R.S. § 9-500.05 does not give cities unfettered authority to enter into 'voluntary' agreements free from other statutory limitations," citing *Achen-Gardener, Inc. v. Superior Court*, 173 Ariz. 48 (1992). RL's reliance on *Achen-Gardener* is misplaced. There, our supreme court held the City of Chandler must comply with competitive bidding laws when constructing public improvements described in a development agreement because the improvements fell "within the scope of the competitive bidding laws." *Id.* at 52 (state procurement laws protect taxpayers against "favoritism, fraud and corruption"). Here, the development reimbursement agreement is not governed by the assessment laws because it is not an assessment under A.R.S. § 9-243.

¶21 Because the reimbursement agreement was a development agreement under § 9-500.05, and not an assessment under § 9-243, we affirm.

### III. Attorney Fees

¶22 RL also contends the superior court lacked authority to award the Town its attorney fees under A.R.S. § 12-341.01, which we review de novo. *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205, ¶ 5 (App. 2014).

¶23 The superior court has discretion under A.R.S. § 12-341.01(A) to award reasonable attorney fees to the successful party in a "contested action arising out of a contract." The development agreement is a contract and the Town prevailed in a lawsuit arising from that contract. *See Florence Copper*, 2021 WL 1099043 at *6. Beyond that, the Agreement itself provided that "the prevailing party shall be awarded his reasonable attorney[] fees and costs and collection costs incurred" if required to litigate. That provision is enforceable. *Bennett Blum*, 235 Ariz. at 206, ¶ 8 (quoting *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 14 (App. 2007)). Finding no error, we affirm.

¶24 Both parties seek their attorney fees on appeal under A.R.S. § 12-341.01. The Town also requests fees under the Agreement. We award the Town, as the prevailing party, its reasonable attorney fees upon compliance with ARCAP 21 and deny RL's request.

## CONCLUSION

¶25        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA